**"A"**



# LAWS OF THE
# STATE OF ISRAEL

### NEW VERSION

*English Text, Prepared at the Ministry of Justice*

### VOL. 2

*(Up to date to December 31, 1972)*

PUBLISHED BY THE GOVERNMENT PRINTER

# CIVIL WRONGS ORDINANCE (NEW VERSION)*

## CHAPTER ONE: INTERPRETATION

1.  Subject to the Interpretation Ordinance [1], this Ordinance shall be interpreted in accordance with the principles of legal interpretation obtaining in England, and expressions used in it shall be presumed, so far as is consistent with their context, and except as may be otherwise expressly provided, to be used with the meaning attaching to the corresponding expressions in English law and shall be construed in accordance therewith **.

*Interpretation.*

2.  In this Ordinance —

*Definitions.*

"action" means any civil proceeding before a court and includes a set-off and a counterclaim;

"animal" includes birds, fish, insects and reptiles;

"child" includes grandchild, step-child and a child *en ventre sa mere*, and any illegitimate or adopted child, and in deducing any relationship which under the provisions of this Ordinance is included within the meaning of the expressions "parent" and "child" any illegitimate person and any adopted person shall be treated as the legitimate offspring of his mother and reputed father or, as the case may be, of his adopter;

"damage" means loss of life, or loss of, or detriment to, any property, comfort, bodily welfare, reputation or other similar loss or detriment;

---

\*  Published in *Dinei Medinat Yisrael (Nusach Chadash)* No. 10 of the 19th Nisan, 5728 (17th April, 1968), p. 266. Earlier version: *P.G.* of 1944, Suppl. I, p. 129; *P.G.* of 1947, Suppl. I, p. 40; *P.G.* of 1948, Suppl. I, p. 1; *Sefer Ha-Chukkim* of 5712, p. 340 — *LSI* vol. VI, p. 148; *Sefer Ha-Chukkim* of 5716, pp. 51 and 78 — *LSI* vol. X, pp. 48 and 73; *Sefer Ha-Chukkim* of 5718, p. 114 — *LSI* vol. XII, p. 132; *Sefer Ha-Chukkim* of 5723, p. 76 — *LSI* vol. XVII, p. 93; *Sefer Ha-Chukkim* of 5725, pp. 244 and 245 — *LSI* vol. XIX, p. 260. Amendments to New Version: *Sefer Ha-Chukkim* of 5728, p. 101 — *LSI* vol. XXII, p. 112; *Sefer Ha-Chukkim* of 5729, p. 280 — *LSI* vol. XXIII, p. 312; *Sefer Ha-Chukkim* of 5730, p. 124 — *LSI* vol. XXIV, p. 127.

1.  *Dinei Yisrael (Nusach Chadash)* No. 1, p. 2; *NV* vol. I, p. 5.

\*\*  According to the Law and Administration Ordinance, 5708—1948, as amended in 1972 (*S. Ch.* of 5732, p. 51), any "such provision of a Law as requires such Law or any expressions therein to be interpreted in accordance with English law or with principles of legal interpretation obtaining in England" is no longer binding.

"defendant" includes a defendant to a counterclaim or cross-action;

"employer" means a person who, in relation to another, has complete control of the way in which such other performs his work for such person and is not himself subject to any similar authority in respect of the same work, and "employee" means any person whose work is so controlled:

Provided that no person in the service of the State or of a local authority or of any other person shall be deemed to be an employer or employee of anyone else in such service;

"immovable property" means land, trees, houses, buildings, and walls or other constructions;

"injury" means any unlawful interference with a legal right;

"movable property" means any inanimate thing or any animal, and includes money, the produce of trees and vines, cereals, vegetables and other crops and water, whether severed from the land or not;

"occupier" means any person lawfully occupying, or entitled against the owner thereof to occupy or use, any immovable property, and if there is no such person then the owner of such property;

"parent" includes grandparent and step-parent;

"pecuniary damage" means any actual loss or expense which is capable of estimation in money and of which particulars can be given;

"plaintiff" includes a counterclaimant and a claimant in a cross-action;

"property" means immovable or movable property;

"wild animal" means any animal not usually kept in captivity or under the control of man in Israel.

## CHAPTER TWO: RIGHTS AND LIABILITIES IN TORT

Civil wrong and right to remedy.

3.    The matters in this Ordinance hereinafter enumerated shall be civil wrongs, and subject to the provisions of this Ordinance, any person who suffers any injury or damage by reason of any civil wrong committed in Israel shall be entitled as against the person committing or liable for such civil wrong to the remedy hereinafter specified.

Trivial act.

4.    An act which if repeated would not tend to establish an adverse claim and which is an act of which in the circumstances a person of ordinary sense and temper would not complain shall not be deemed to be a civil wrong.

5.   (a)   It shall be a defence in any action brought in respect of a civil wrong that the plaintiff knew and appreciated or must be taken to have known and appreciated the state of affairs causing the damage and voluntarily exposed himself or his property thereto.

(b)   The provisions of this section shall not apply to any action brought in respect of any civil wrong when such wrong was due to the non-performance of a duty imposed upon the defendant by any enactment.

(c)   No child under the age of twelve years shall be deemed to be capable of knowing or appreciating such state of affairs or of voluntarily exposing himself thereto or of exposing his property thereto.

6.   It shall be a defence to any action brought in respect of a civil wrong other than negligence that the act or omission complained of was done or made under and in accordance with the provisions of any enactment.

7.   (a)   A public servant shall be responsible for any civil wrong committed by him, and, if sued therefor, he shall be sued in his personal capacity: Provided that, without prejudice to the provisions of sections 6 and 8, it shall be a defence to any action brought against any public servant other than an action for negligence that the act complained of was within the scope of his lawful authority or that it was done in good faith in purported exercise of his lawful authority.

(b)   No public servant shall be responsible for any civil wrong committed by any agent appointed by him or by any other public servant unless he has expressly authorised or ratified such civil wrong.

8.   No action shall be brought against any person constituting, or being a member of, any court or tribunal or against any person lawfully performing the duties of any such person, or against any other person performing judicial functions, including an arbitrator, in respect of any civil wrong committed by him in his judicial capacity.

9.   (a)   No action shall be brought against any person in respect of any civil wrong committed by such person when such person was under the age of twelve years.

(b)   A person under the age of eighteen years may sue and, subject to the provisions of subsection (a), be sued in respect of a civil wrong: Provided that no action shall be brought against any such person in respect of any civil wrong when such wrong arises directly or indirectly out of any contract entered into by such person.

*Side notes:*
Voluntary exposure to risk.
Act under enactment.
Public servant.
Judicial authority.
Minor.

Corporate body.

10.    A corporate body shall not recover any compensation in respect of any civil wrong unless it has suffered damage thereby.

Joint civil wrong doers.

11.    When each of two or more persons is liable under the provisions of this Ordinance for any act and such act constitutes a civil wrong, such persons shall be jointly liable as joint civil wrong doers for such act and may be sued therefor jointly or severally.

Liability of person joining in or procuring act.

12.    For the purposes of this Ordinance, any person who joins or aids in, authorises, counsels, commands, procures or ratifies any act done or to be done, or any omission made or to be made, by any other person shall be liable for such act or omission.

Liability of employer.

13.    (a)    For the purposes of this Ordinance, an employer shall be liable for any act committed by his employee —

    (1)    which he has authorised or ratified; or

    (2)    which was committed by his employee in the course of his employment: Provided that —

        (*a*)    an employer shall not be liable for any act committed by any person not being another of his employees, to whom his employee has without his authority, express or implied, delegated his duty; or

        (*b*)    a person who is compelled by law to use the services of another person, in the choice of whom he has no discretion, is not liable for any act committed by that other in the course of such employment.

(b)    An act shall be deemed to have been done in the course of an employee's employment if it was done by him in his capacity as an employee and whilst he was performing the usual duties of and incidental to his employment, notwithstanding that the act was an improper mode of performing an act authorised by the employer; but an act shall not be deemed to have been so done if is was done by an employee for his own ends and not on behalf of the employer.

(c)    For the purposes of this section, "act" includes "omission".

Liability of principal.

14.    For the purposes of this Ordinance, any person who employs an agent, not being his employee, to do any act or class of acts on his behalf shall be liable for anything done by such agent in the performance of, and for the manner in which such agent does, such act or class of acts.

Liability of party to contract.

15.    For the purposes of this Ordinance, a person who enters into any contract with any other person, not being his employee or agent, to do any act on his behalf shall not be liable for any civil wrong arising during the doing of such act. This provision shall not apply if —

8

(1) such person was negligent in the selection of such contractor, or

(2) such person interfered with the work of the contractor in such a way as to cause the injury or damage, or

(3) such person authorised or ratified the act causing injury or damage, or

(4) such person was under any enactment responsible for the doing of an act the performance of which was delegated by him to an independent contractor;

(5) the thing for the doing of which the contract was entered into was unlawful.

16. Nothing in section 12, 14 or 15 shall affect the liability of any person for any act committed by such person, and nothing in section 13 shall affect the liability of any employee for any act committed by such employee.

*Saving of liability.*

17. Whenever under the provisions of this Ordinance it is necessary to allege or prove knowledge, the knowledge of an agent or of an employee shall be deemed to be the knowledge of his principal or employer if such knowledge was acquired by the agent whilst acting for and on behalf of his principal, or was acquired by the employee in the course of his employment, in connection with the matter or thing in respect of which the knowledge is necessary.

*Knowledge of agent or employee.*

18. (a) No action in respect of any civil wrong committed before or during the subsistence of a marriage shall be brought by either party thereto or any person representing his or her estate against the other party thereto or any person representing his or her estate.

*Spouse.*

(b) No party to a marriage shall be liable for any civil wrong committed by the other party thereto save under the provisions of sections 11 to 16.

19. (a) Subject to the provisions of this section, on the death of any person, all causes of action in respect of any civil wrong subsisting against or vested in him shall survive against, or, as the case may be, for the benefit of, his estate.

*Effect of death on cause of action.*

(b) Where a cause of action survives as aforesaid for the benefit of the estate of a deceased person, the compensation recoverable for the benefit of the estate of that person shall, where the death of that person has been caused by the act or omission which gives rise to the cause of action, be calculated without reference to any loss or gain to his estate consequent on his death, except that a sum in respect of burial expenses may be included.

9

(c) Where damage has been suffered by reason of any act or omission in respect of which a cause of action for a civil wrong would have subsisted against any person if that person had not died before or at the same time as the damage was suffered, there shall be deemed, for the purposes of this Ordinance, to have been subsisting against him before his death such cause of action in respect of that act or omission as would have subsisted if he had died after the damage was suffered.

(d) The rights conferred by this Ordinance for the benefit of the estate of deceased persons shall be in addition to, and not in derogation of, any rights conferred on the dependants of deceased persons by this Ordinance or any other enactment.

**Insolvent estate.**  20.   In the event of the insolvency of an estate against which an action may be brought by virtue of section 19, any liability in respect of the cause of action shall be deemed to be a debt provable against the estate, notwithstanding that it is a demand in the nature of unliquidated damages arising otherwise than by a contract, promise or breach of trust.

**Bankrupt.**  21.   Notwithstanding anything contained in the Bankruptcy Ordinance, 1936 [1], a bankrupt may sue and be sued in respect of a civil wrong, but no action in respect thereof shall be brought on behalf of, or against, the estate of any bankrupt: Provided that —

(1) the right of action in respect of any such wrong as caused pecuniary damage to the estate of a bankrupt shall pass to or be exercised by his trustee;

(2) a judgment obtained against a bankrupt before the date of the receiving order, in respect of a civil wrong, shall be provable in the bankruptcy; and

(3) this section shall be subject to the provisions of section 19.

**No assignment in tort.**  22.   The right to any remedy for, and any liability in respect of, any civil wrong shall not be assignable otherwise than by operation of law.

### CHAPTER THREE: CIVIL WRONGS
#### Article One: Assault

**Assault.**  23.   Assault consists of intentionally applying force of any kind, whether by way of striking, touching, moving or otherwise, to the person of another, either directly or indirectly, without his consent, or

1.   *P.G.* of 1936, Suppl. I, p. 21.

with his consent if the consent is obtained by fraud, or attempting or threatening by any act or gesture to apply such force to the person of another if the person making the attempt or threat causes the other to believe upon reasonable grounds that he has the present intention and ability to effect his purpose.

For the purposes of this section, the expression "applying force" includes applying heat, light, electrical force, gas, odour or any other substance or thing whatever if applied in such a degree as to cause damage.

24.   In any action brought in respect of any assault, it shall be a defence — *Special defence.*

(1)   that the defendant acted for the protection of himself or another person against an unlawful use of force by the plaintiff, and that in so acting he did no more than was reasonably necessary for that purpose and the damage caused to the plaintiff by the assault was not disproportionate to the damage sought to be avoided;

(2)   that the defendant, being the occupier of any immovable property, or acting under the authority of such occupier, used a reasonable degree of force in order to prevent the plaintiff from unlawfully entering upon such immovable property or to eject the plaintiff therefrom after he had unlawfully entered or remained thereupon: Provided that, if the plaintiff did not enter, or attempt to enter, upon such immovable property by force, the defendant shall have requested the plaintiff to refrain from entering upon, or having entered upon, to depart from, such immovable property, and shall have given the plaintiff a reasonable opportunity of peaceably complying with his request;

(3)   the defendant, being entitled to the possession of any movable property, used a reasonable degree of force in order to defend his possession thereof, or if the plaintiff has wrongfully taken or detained such movable property from him, the defendant used a reasonable degree of force to retake possession thereof from the plaintiff: Provided that, if the plaintiff did not take or attempt to take such movable property by force, the defendant shall have requested the plaintiff to refrain from taking, or having taken, to restore to the defendant, such movable property, and shall have given the plaintiff a reasonable opportunity of peaceably complying with his request;

11

(4)   that the defendant was acting in the execution of or lawfully assisting in the execution of any warrant of arrest, search warrant, committal, order of commitment or writ of attachment issued by any court or other authority having jurisdiction thereto, provided that the act complained of was authorised by such warrant of arrest, search warrant, committal, order of commitment or writ of attachment but notwithstanding any defect in or in the issue of such warrant of arrest, search warrant, committal, order of commitment or writ of attachment;

(5)   that the plaintiff was of unsound mind or was suffering from infirmity of mind or body and that the force used was, or appeared to be, reasonably necessary for his own protection or for that of other persons and was exercised in good faith and without malice;

(6)   that the plaintiff and defendant were both soldiers of the Defence Army of Israel and the defendant acted under the authority of and in accordance with any law applicable to such Army;

(7)   that the defendant was the parent, guardian or school-master of the plaintiff or a person whose relationship to the plaintiff was similar to that of his parent, guardian or school-master, and administered to the plaintiff only such chastisement as was reasonably necessary for the purpose of correction;

(8)   that the defendant acted in good faith for what he had reason to believe to be for the benefit of the plaintiff but was unable before doing such act to obtain the consent of the plaintiff thereto, as the circumstances were such that it was impossible for the plaintiff to signify his consent or for some person in lawful charge of the plaintiff to consent on behalf of the plaintiff and the defendant had reason to believe that it was for the benefit of the plaintiff that he should not delay in doing such act.

**Liability for other person.**

25.   Notwithstanding anything contained in this Ordinance, no principal or employer shall be liable for any assault committed by his agent or employee unless he has expressly authorised or ratified such assault.

## Article Two: Imprisonment

**False imprisonment.**

26.   False imprisonment consists of unlawfully totally depriving any person of his liberty for any period of time by physical means or by a show of authority.

27.    In any action brought in respect of any false imprisonment it shall be a defence — <span style="float:right">Special defence.</span>

(1)  that the defendant was acting in the execution of or lawfully assisting in the execution of any warrant of arrest, search warrant, committal, order of commitment or writ of attachment issued by any court or other authority having jurisdiction thereto, provided that the act complained of was authorised by such warrant of arrest, search warrant, committal, order of commitment or writ of attachment, but notwithstanding any defect in or in the issue of such warrant of arrest, search warrant, committal, order of commitment or writ of attachment;

(2)  that the plaintiff was detained in lawful custody in accordance with the provisions of any enactment;

(3)  that the plaintiff was of unsound mind or was suffering from some infirmity of mind or body and that the restraint was, or appeared to be, reasonably necessary for his own protection or for that of other persons and was exercised in good faith and without malice;

(4)  that the act of which the plaintiff complains was an act for the non-performance of which the person performing such act would be liable to a penalty under the provisions of any enactment;

(5)  that the plaintiff and defendant were both soldiers of the Defence Army of Israel and that the defendant acted under the authority of and in accordance with any law applicable to such Army;

(6)  that the defendant was the parent, guardian or schoolmaster of the plaintiff or a person whose relationship to the plaintiff was similar to that of his parent, guardian or schoolmaster, and only temporarily deprived the plaintiff of his liberty for such time as was reasonably necessary for the purpose of correction.

28.    Notwithstanding anything contained in this Ordinance, no principal or employer shall be liable for the false imprisonment by his agent or employee or any other person unless he expressly authorised or ratified such imprisonment. <span style="float:right">Liability for<br>other person.</span>

## Article Three: Trespass

29.    Trespass to immovable property consists of any unlawful entry upon, or any unlawful damage to or interference with, any such property <span style="float:right">Trespass to<br>immovable<br>property.</span>

by any person: Provided that no plaintiff shall recover compensation in respect of trespass to immovable property unless he has suffered pecuniary damage thereby.

**Onus of proof.**

30.    In any action brought in respect of any trespass to immovable property, the onus of showing that the act of which complaint is made was not unlawful shall be upon the defendant.

**Tresspass to movable property.**

31.    Trespass to movable property consists of unlawfully taking goods out of the possession of another or forcibly interfering with them whilst they are in his possession: Provided that no plaintiff shall recover compensation in respect of any trespass to movable property unless he has suffered pecuniary damage thereby.

**Onus of proof.**

32.    In any action brought in respect of any trespass to movable property, the onus of showing that the act of which complaint is made was not unlawful shall be upon the defendant.

**Mistake as to ownership or right of possession.**

33.    Interference with the property of another is not excused by mistake, even in good faith, as to the ownership or the right of possession, or by an intention to act for the true owner's benefit: Provided that —

(1)    a carrier or other person undertaking the carriage or custody of goods as a public service does not commit a trespass by dealing with goods in the ordinary way of that service and solely by the direction and on behalf of a person who delivers those goods to him for that purpose and whom he in good faith believes to be entitled to deal with those goods; and

(2)    a workman or employee does not commit a trespass by dealing with any property in the ordinary way of his employment and in a manner authorised as between himself and his employer and which he in good faith believes his employer to be entitled to authorise.

**Mere claim of right not trespass.**

34.    The mere assertion of a right to deal with property or to prevent another from dealing with it is not a trespass.

## Article Four: Negligence

**Negligence.**

35.    Where a person does some act which in the circumstances a reasonable prudent person would not do, or fails to do some act which in the circumstances such a person would do, or fails to use such skill or to take such care in the exercise of any occupation as a reasonable prudent person qualified to exercise such occupation would in the

14

circumstances use or take, then such act or failure constitutes carelessness and a person's carelessness as aforesaid in relation to another person to whom he owes a duty in the circumstances not to act as he did constitutes negligence. Any person who causes damage to any person by his negligence commits a civil wrong.

36.    For the purpose of section 35, every person owes a duty to all persons whom, and to the owner of any property which, a reasonable person ought in the circumstances to have contemplated as likely in the usual course of things to be affected by an act, or failure to do an act, envisaged by that section.

*Duty towards all persons.*

37.    The duty under sections 35 and 36 of the owner or occupier of any immovable property in respect of the condition, maintenance or repair thereof shall not obtain towards a person who entered the property as a trespasser unless the plaintiff proves that he entered in good faith and without intent to commit an offence or a civil wrong.

*Duty of owner of immovable property towards trespasser. S. Ch. of 5730, p. 124.*

37A.    (a)    The duty under sections 35 and 36 in respect of the condition, maintenance, repair or use of a military area shall not obtain towards a person who entered it as a trespasser unless the plaintiff proves that he entered in good faith and without intent to commit an offence or a civil wrong and that the person in charge of that area or the person acting on his behalf at the place of entry knew of his presence in the area at the time the damage was caused.

*Duty towards trespasser in military area. S. Ch. of 5730, p. 124.*

(b)    In this section, "military area" means:—

(1)    immovable property occupied by the Defence Army of Israel or by some other branch of the Defence Establishment approved by the Minister of Defence for this purpose;

(2)    immovable property used for a security purpose and at the entrance to which a guard has been posted or entry to which is restricted by a notice displayed outside it;

(3)    immovable property on which installations are situated intended to prevent entry into or exit from Israel; for this purpose, a certificate from a person empowered in that behalf by the Minister of Defence that the installation is intended to prevent entry into or exit from Israel shall be conclusive evidence of such fact.

(c)    This section shall only apply during a period in which a state of emergency exists in the State by virtue of a declaration under section 9 (a) of the Law and Administration Ordinance, 5708—1949.

Onus of proof of negligence when damage caused by dangerous things.

38.   In any action brought in respect of any damage in which it is proved that such damage was caused by any dangerous thing, other than fire or an animal, or by the escape of anything which if it escapes is liable to cause damage, and that the defendant was the owner of, or the person in charge of, such thing or the occupier of the property from which such thing escaped, the onus shall be upon the defendant to show that there was no carelessness for which he is liable in connection with such dangerous thing or the escape of such thing.

Onus of proof of negligence when damage caused by fire.

39.   In any action brought in respect of any damage in which it is proved that such damage was caused by, or in consequence of, any fire, and that the defendant kindled such fire or was liable for the kindling of such fire or was the occupier of the immovable property or the owner of the movable property on which such fire originated, the onus shall be upon the defendant to show there was no carelessness for which he is liable in connection with the origin or spread of the fire.

Onus of proof of negligence when damage caused by animal.

40.   In any action brought in respect of any damage in which it is proved —

(1)   that such damage was caused by a wild animal, or by an animal, other than a wild animal, which the defendant knew, or must be presumed to have known, had a propensity to do the act which caused damage; and

(2)   that the defendant was the owner of, or the person in charge of, such animal, the onus shall be upon the defendant to show that there was no carelessness for which he is liable in connection with such animal.

Onus of proof of negligence where facts speak for themselves.

41.   In any action brought in respect of any damage in which it is proved that the plaintiff had no knowledge or means of knowledge of the actual circumstances which caused the occurrence which led to the damage and that the damage was caused by some property of which the defendant had full control, and it appears to the court that the happening of the occurrence causing the damage is more consistent with the defendant having failed to exercise reasonable care than with his having exercised such care, the onus shall be upon the defendant to show that there was no carelessness for which he is liable in connection with the occurrence which led to the damage.

## Article Five: Nuisances

Public nuisance.

42.   A public nuisance consists of some unlawful act, or omission to discharge a legal duty, where such act or omission endangers the life,

16

safety, health, property or comfort of the public or obstructs the public in the exercise of some common right.

43.   No action shall be brought in respect of a public nuisance save —

    (1)   by the Attorney General or his representative for injunction;

    (2)   by any person who has suffered pecuniary damage thereby.

*Action for public nuisance.*

44.   (a)   A private nuisance consists of any person so conducting himself or his business or so using any immovable property of which he is the occupier as materially to interfere with the reasonable use and enjoyment, having regard to the situation and nature thereof, of the immovable property of any other person: Provided that no person shall recover compensation in respect of any private nuisance unless he shall have suffered damage thereby.

    (b)   The provisions of this section shall not apply to any interference with daylight.

*Private nuisance.*

45.   It shall be a defence to any action brought in respect of any private nuisance that the act complained of was done under the terms of any covenant or contract binding upon the plaintiff which inures for the benefit of the defendant.

*Special defence.*

46.   It shall not be a defence to any action brought in respect of a private nuisance merely that the nuisance existed before the plaintiff's occupation or ownership of the immovable property affected thereby.

*Existing nuisance.*

47.   The provisions of sections 42 to 46 shall be in addition to, and not in derogation of, any provisions as to nuisance laid down by any other enactment.

*Saving of other laws.*

48.   Any person who, by any obstruction or otherwise, prevents the enjoyment by the owner or occupier of any immovable property of a reasonable amount of daylight, having regard to the situation and nature of such immovable property, when such light has been continuously enjoyed by such owner or occupier or his or their predecessors in title, otherwise than under the terms of any covenant or contract, for a period of not less than fifteen years immediately preceding such obstruction or prevention commits a civil wrong.

*Interference with daylight.*

48A.   Where any property provides support to neighbouring property, the doing of any thing which prevents or denies such support shall be a civil wrong.

*Prevention of support.*
*S. Ch. of 5729, p. 280.*

Use required in the
public interest.
S. Ch. of 5729,
p. 280.

48B.   Any such use of immovable property as is required in the public interest shall not constitute a nuisance within the meaning of this article even if it causes damage to neighbouring property or deprives the owner of neighbouring property of the full enjoyment thereof, provided that the damage remains within tolerable proportions and that the user takes reasonable steps to reduce it as far as possible. However, the Court may award compensation — either in the form of a one-time payment or of recurrent payments — if the owner of the property has suffered pecuniary damage.

## Article Six:  Misappropriation

Unlawful
detention
of property.

49.   Unlawful detention consists of the unlawful withholding of any movable property from any person entitled to the immediate possession thereof.

Onus of proof.

50.   In any action brought in respect of any unlawful detention the onus of proving that the withholding was lawful shall be upon the defendant.

Return of
detained
property.

51.   In any action brought in respect of any unlawful detention the court may, having regard to the circumstances of the case, order the return of the property detained in addition to, or in substitution for, any other remedy provided by this Ordinance.

Conversion.

52.   Conversion consists in the defendant's wrongfully converting to his own use movable property to the possession of which the plaintiff is entitled, by taking it away, detaining it, destroying it, delivering it to a third person or otherwise depriving the plaintiff of it.

Special defence.
S. Ch. of 5728,
p. 101.

53.   In any action brought in respect of the conversion of any movable property it shall be a defence that the defendant purchased such property in good faith in accordance with section 34 of the Sale Law, 5728—1960 [1].

Jus tertii
to be no defence.

54.   In any action brought in respect of the conversion of any movable property the defendant shall not by way of defence set up against the person entitled to the immediate possession of such property the right of any third person.

Return of
converted
property.

55.   In any action brought in respect of the conversion of any movable property the court may, having regard to the circumstances of the case, order the return of the property converted in addition to, or in substitution for, any other remedy provided by this Ordinance.

1.   *Sefer Ha-Chukkim* of 5728, p. 98; *LSI* vol. XXII, p. 112.

## Article Seven: Deceit

56.   Fraud consists of a false representation of fact, made with the knowledge that it is false or without belief in its truth or recklessly, careless whether it be true or false, with intent that it shall be acted upon by the person deceived: Provided that no action shall be brought in respect of any such representation unless it was intended to and did deceive the plaintiff and he has acted upon it and has thereby suffered pecuniary damage.

*Fraud.*

57.   No action shall be brought in respect of a representation as referred to in section 56, made in relation to the character, conduct, credit, ability, trade or dealings, of any person in order to obtain for him credit, money or goods, unless it is in writing and signed by the defendant himself.

*No action in respect of certain kinds of fraud.*

58.   (a)  Injurious falsehood consists of the publication maliciously by any person of a false statement, whether oral or otherwise, concerning the trade, occupation or profession, or the goods, or the title to property, of any other person: Provided that no person shall recover compensation in respect of any such publication unless he has suffered pecuniary damage thereby.

(b)  For the purposes of this section, "publication" has the same meaning as it has in section 2 of the Defamation (Prohibition) Law, 5725—1965 [1].

*Injurious falsehood.*

59.   Any person who by imitating the name, description, sign or label or otherwise, causes or attempts to cause any goods to be mistaken for the goods of another person, so as to be likely to lead an ordinary purchaser to believe that he is purchasing the goods of such other person, commits a civil wrong against such other person: Provided that no person commits a civil wrong by reason only that he uses his own name in connection with the sale of any goods.

*Passing off*

## Article Eight: Malicious Prosecution

60.   Malicious prosecution consists of actually, maliciously and without reasonable and probable cause, instituting or carrying on against any person criminal, bankruptcy or winding-up proceedings, where such proceedings caused scandal to the credit or reputation of, or possible loss of liberty by, such person, and terminated, if in fact they were capable of so terminating, in favour of such person: Provided that no action for malicious prosecution shall be brought against any

*Malicious prosecution.*

1.   *Sefer Ha-Chukkim* of 5725, p. 240; *LSI* vol. XIX, p. 254.

person by reason only that he furnished information to some competent authority by whom any proceedings were instituted.

Bar to action for malicious prosecution.

61.     Notwithstanding anything contained in this Ordinance, no principal or employer shall be liable for any malicious prosecution instituted by his agent or employee unless he has expressly authorised or ratified such prosecution.

## Article Nine : Causing Breach of Contract

Unlawfully causing breach of contract.

62.     (a)   Any person who knowingly and without sufficient justification causes any other person to break a legally binding contract with a third person commits a civil wrong against such third person : Provided that such third person shall not recover compensation in respect of such civil wrong unless he has suffered pecuniary damage thereby.

(b)   For the purposes of this section, the relationship created by marriage shall not be deemed to be a contract, and a strike or lockout shall not be deemed to be a breach of contract.

## Article Ten : Breach of Statutory Duty

Breach of statutory duty.

63.     (a)   Breach of a statutory duty consists of the failure by any person to perform a duty imposed upon him by any enactment other than this Ordinance, being an enactment which, on a proper construction thereof, was intended to be for the benefit or protection of any other person, whereby such other person suffers damage of a kind or nature contemplated by such enactment : Provided that such other person shall not be entitled by reason of such failure to any remedy specified in this Ordinance if, on a proper construction of such enactment, the intention thereof was to exclude such remedy.

(b)   For the purposes of this section, an enactment shall be deemed to be for the benefit or protection of any person if it is an enactment which, on a proper construction thereof, is intended for the benefit or protection of that person or of persons generally, or of any class or description of persons to which that person belongs.

## Chapter Four : Fault

Causing damage by fault.

64.     "Fault" means any act of any person, or failure by any person to do an act, being a civil wrong under this Ordinance, or being a civil wrong if damage is caused thereby, or being carelessness which is the cause of damage to that person himself, and a person shall be deemed to cause damage by his fault when the fault was the cause or one of

the causes of the damage: Provided that such person shall not be so deemed if —

> (1) the damage was due to the happening of some extraordinary natural occurrence which a reasonable person would not have anticipated and the consequences of which could not have been avoided by the exercise of reasonable care; or
>
> (2) it was the fault of some other person which was the decisive cause of the damage; or
>
> (3) he is a child under the age of twelve years and is the person to whom the damage was caused after he had been invited or permitted by some other person, who caused the damage, to be upon any property upon or in connection with which the damage occurred, or to be so near to such property as in the usual course of things to be likely to be affected by the fault of that person.

65. Where a defendant has caused damage by his fault, but his fault was brought about by the conduct of the plaintiff, the court may exempt him from liability to pay compensation or may reduce the amount of compensation payable, as the court may think just.

*Conduct of plaintiff.*

66. Where a plaintiff and a defendant have both caused the damage by their fault but the fault of the plaintiff was brought about by the conduct of the defendant, the court may increase the compensation which would have been payable by the defendant if section 64 had not been enacted to any amount not exceeding the amount which would have been payable by the defendant if the plaintiff had not caused the damage by his fault.

*Conduct of defendant.*

67. For the purposes of sections 64 to 66, references to the fault of any person (save where the context otherwise requires) include the fault of any other person for which the person first referred to in this section is liable.

*Fault of person includes fault of other person for which first-mentioned person is liable.*

68. (a) Where any person suffers damage as a result partly of his own fault and partly of the fault of any other person, a claim for compensation shall not be defeated by reason of the fault of the person suffering the damage but the compensation recoverable in respect thereof shall be reduced to such extent as the court thinks right and just having regard to the claimant's share in the responsibility for the damage: Provided that this subsection shall not operate to defeat any defence arising under a contract, and where any contract or law providing for

*Contributory fault.*

21

the limitation of liability is applicable to the claim, the amount of compensation recoverable by the claimant shall not exceed the maximum limit so applicable.

(b) Where compensation is reduced by virtue of subsection (a), the court shall find and record the total compensation which would have been recoverable had the claimant not been at fault.

(c) The provisions of sections 11 and 83 shall apply in any case where two or more persons are liable, or would, if they had been sued, be liable, by virtue or subsection (a) in respect of the damage suffered by any person.

**Contributory fault causing death.**

69. Where any person dies as a result partly of his own fault and partly of the fault of any other person and, if an action were brought for the benefit of the estate under section 19, the compensation recoverable would be reduced under section 68 (a), any compensation recoverable in an action brought for the benefit of the dependants of that person under section 78 shall be reduced to a proportionate extent.

**Plea of prescription.**

70. Where, in any case to which section 68 (a) applies, one of the persons at fault avoids liability to any other such person or to his legal personal representative by pleading any rule of prescription, he shall not be entitled to recover any compensation or contribution from that other person or representative by virtue of the said section.

## CHAPTER FIVE: REMEDIES FOR CIVIL WRONGS

**All courts competent to grant remedy.**

71. Every civil court shall within the limits of its jurisdiction have power to grant remedies for civil wrongs in accordance with this Ordinance, subject to the provisions of any statute applying to such court, and it may grant an injunction in respect of any civil wrong notwithstanding that no compensation or other relief is claimed or granted together therewith.

**Injunctions.**

72. An injunction may be mandatory or prohibitory, temporary or perpetual.

**Conditions of grant of injunction.**

73. The court shall not grant a temporary injunction unless it is satisfied, by affidavit or otherwise, that there is a serious question to be tried at the hearing, that there is a probability that the plaintiff is entitled to relief and that unless a temporary injunction is granted it will be difficult or impossible to do complete justice at a later stage.

**No injunction to be granted in certain cases.**

74. No injunction shall be granted when, in the opinion of the court, the injury or damage to the plaintiff is small and is capable of being

22

estimated in money and can be adequately compensated by a money payment and it would be oppressive to the detendant to grant an injunction; but compensation may be awarded in any such case.

75.    The provisions of sections 72 to 74 shall be in addition to, and not in derogation of, any of the powers exercisable by the courts as to injunctions under any other statute.

*Saving of powers.*

76.    Compensation may be awarded either alone, or in addition to or in substitution for, an injunction: Provided that —

*Compensation.*

(1)   where the plaintiff has suffered damage, compensation shall only be awarded in respect of such damage as would naturally arise in the usual course of things and which directly arose from the defendant's civil wrong; and

(2)   if the plaintiff has suffered pecuniary damage, no compensation in respect thereof shall be awarded unless the plaintiff has given particulars of such damage in or together with his statement of claim.

77.    (a)   Subject to the provisions of sections 83 to 85, no person who has recovered compensation or other relief in respect of any civil wrong, nor any person claiming through or under such person, shall recover any further compensation in respect of such civil wrong.

*Compensation only to be recovered once.*

(b)   No person shall recover any compensation or other relief in respect of any civil wrong if such civil wrong also constituted a breach of any contract, or of an obligation resembling those created by contract, and compensation for such breach of contract or obligation has been awarded by any court, tribunal or arbitrator to such person or to any person through or under whom such person claims.

(c)   No person shall recover any compensation in respect of any breach of contract, or of an obligation resembling one created by contract, if such breach also constitutes a civil wrong and compensation or other relief has been awarded for such civil wrong by any court to such person or to any person through or under whom such person claims.

78.    Where the death of any person is caused by any civil wrong and such person would, if death had not ensued, have been entitled at the time of his death under the provisions of this Ordinance to compensation in respect of bodily injury caused to him by such civil wrong, the spouse, parent and child of such deceased person shall be entitled to compensation from the person responsible for such civil wrong.

*Right of dependants to compensation.*

23

| | |
|---|---|
| Persons entitled to bring action. | 79.    An action for compensation under section 78 shall be brought by the executor, administrator or heirs of the deceased person for the benefit of the spouse, parent and child, or such of them as may be in existence, of the deceased person. If no action is brought by such executor, administrator or heirs within six months of the death of the deceased person, any of the persons for whose benefit the action could have been brought by the executor, administrator or heirs may bring it in the name or names of all or any of them. |
| Compensation and calculation thereof. | 80.    In an action under section 78, particulars shall be given of the persons for whose benefit such action is brought, and of the pecuniary loss suffered by such persons respectively owing to the death of the deceased person; and compensation shall be awarded in respect of the pecuniary loss which has been or will be actually suffered by them, including the burial expenses of the deceased person. After any costs not recovered from the defendant have been deducted from the amount of the compensation, the court shall, at the trial, determine the share of each of the persons entitled in the residual amount. |
| Sums not to be taken into account. | 81.    In assessing compensation — |

(1)   any sum received or receivable on the death of the deceased under any contract of insurance; and

(2)   any sum paid or payable in respect of mourning for him shall not be taken into account.

| | |
|---|---|
| Compensation and National Insurance benefits. | 82.    (a)   A person insured under Part Two of the National Insurance Law, 5714—1953 [1] (hereafter in this chapter referred to as "the Law"), including a dependant of such person, within the meaning of section 22 (b) of the Law, who is entitled under this Ordinance, in consequence of one event, both to compensation from the employer and to a benefit under Part Two of the Law shall have the amount of the benefit deducted from the amount of compensation which would be due to him from his employer but for this section. |

(b)   For the purposes of this section —
"benefit" means the monetary value of a benefit, other than a benefit in kind, which has been or is due to be given under Part Two of the Law, and includes an injury benefit equivalent payable under section 38 of the Law; a benefit reduced or denied in consequence of any act or omission on the part of the employee or not given by reason of an option for another benefit under the Law shall be deemed

1.   *Sefer Ha-Chukkim* of 5714, p. 6; *LSI* vol. VIII, p. 4.

to have been given, or to be due to be given, in full; provisions enacted by the Minister of Labour under section 49 (b) of the Law for the capitalisation of pensions or for the calculation of the monetary value of benefits in kind shall apply also to the determination of the monetary value of benefits for the purposes of this subsection;

"employer" means the person liable under the Law to pay contributions for an insured person and includes a person for whose acts the employer is liable under section 13 of this Ordinance.

(c)   In circumstances as referred to in subsection (a), the employer shall not, for the purposes of section 70 of the Law, be regarded as a third party rights against whom are transferred to the National Insurance Institute.

83.   (a)   Where damage is suffered by any person as a result of a civil wrong, judgment recovered against a civil wrong doer liable in respect of that damage shall not be a bar to an action against any other person who would, if sued, have been liable as a joint civil wrong doer in respect of the same damage.

*Claim and indemnity in case of joint civil wrong doers.*

(b)   If more than one action is brought in respect of the same damage by the person by whom it was suffered, or for the benefit of the estate, or of the spouse, parent or child, of that person, against civil wrong doers liable in respect of the damage (whether as joint civil wrong doers or otherwise), the sums recoverable under the judgments given in those actions by way of compensations shall not in the aggregate exceed the amount of the compensation awarded by the judgment first given which is not reversed on appeal, or as varied on appeal; and in any of those actions, other than that in which judgment is first given as aforesaid, the plaintiff shall not be entitled to costs unless the court is of the opinion that there was reasonable ground for bringing the action; where the judgment first given is given against an employer, within the meaning of section 82, in circumstances as referred to therein, the amount of the compensation awarded by the judgment first given shall, for the purposes of this subsection, be replaced by the amount which would have been awarded but for section 82.

84.   (a)   Any civil wrong doer liable in respect of the damage may recover contribution from any other civil wrong doer who is, or would if sued have been, liable in respect of the same damage, whether as a joint civil wrong doer or otherwise, so, however, that no person shall

*Indemnity as between civil wrong doers.*

25

be entitled to recover contribution under this subsection from any person entitled to be indemnified by him in respect of the liability in respect of which the contribution is sought.

(b)   In any proceedings for contribution under this section, the amount of the contribution recoverable from any person shall be such as may be found by the court to be just and equitable having regard to that person's responsibility for the damage; and the court shall have power to exempt any person from liability to make contribution, or to direct that the contribution to be recovered from any person shall amount to a complete indemnity.

**Definition.**

85.   "Civil wrong" in sections 83 and 84 means a civil wrong whether a criminal offence or not, and nothing in those sections shall affect any criminal proceedings against any person in respect of any wrongful act or render enforceable any agreement for indemnity which would not have been enforceable if those sections had not been passed.

**Insurance not to be taken into account in assessing compensation.**

86.   In assessing any compensation payable by reason of any civil wrong, any sum paid or payable under any contract of insurance in connection with such civil wrong shall not be taken into account.

**Compensation for defamation published in a newspaper.**

87.   (a)   If a successful plaintiff in an action brought against the proprietor of a newspaper in respect of the publication in such newspaper of defamatory matter makes it appear to the court before which the action was heard that he is not able to procure satisfaction of the judgment by way of execution against the immovable or movable property of the defendant, it shall be lawful for the court to order that the judgment be enforced against the signatories of any bond given by or on behalf of the defendant under section 5(1)(d) of the Press Ordinance [1] and to order execution to be levied against the security given by the signatories of such bond: Provided that the liability of the signatories shall in no case exceed their liabilities under such bond.

(b)   A plaintiff as referred to in subsection (a) shall serve on the Minister of Finance a copy of any order of the court made under this section.

(c)   The Minister of Justice may make regulations for regulating the practice and procedure and prescribing the fees to be paid in respect of any proceedings under this section.

**Civil wrong which is also a criminal offence.**

88.   It shall be no bar to any action in respect of a civil wrong, that the facts upon which such action is based constitute a criminal offence; but when, at any stage of the proceedings, it appears to the court before

---

1.   *Laws of Palestine* vol. II, cap. 116, p. 1214.

which the action is pending that those facts constitute, or may constitute, a felony, the court shall stay further proceedings until it is satisfied that either those facts have been reported to the police or the police is aware of those facts.

89.   For the purposes of the period of presciption in an action for a civil wrong, "the day on which the cause of action accrued" means —

> (1)   where the cause of action is an act or omission — the day on which such act or omission occurred or, if the act or omission continued, the day on which it ceased;

> (2)   where the cause of action is damage caused by an act or omission — the day on which such damage occurred or, if the damage was not discovered on the day on which it occurred, the day on which the damage was discovered: Provided that in the latter case the action shall be barred by prescription unless it is brought within ten years from the day on which the damage occurred.

*Commencement of period of prescription.*

## CHAPTER SIX: MISCELLANEOUS

90.   Nothing in this Ordinance shall be deemed to affect any jurisdiction in Admiralty vested in any court in Israel, or the provisions of the Civil Procedure Amendment (The State as a Party) Law, 5718—1958 [1], or of an enactment repealed by it.

*Saving of laws.*

91.   No court other than a Muslim Religious Court or a Tribal Court shall award *diyet*; and a Muslim Religious Court or a Tribal Court shall not award *diyet* in respect of any act if an award of compensation under this Ordinance has been made in respect of that act, and a court shall not award compensation under this Ordinance in respect of any act if an award of *diyet* has been made in respect of that act.

*Provisions as to the award of diyet.*

92.   The laws set forth in the Schedule shall cease to have effect in so far as they are repugnant to, or inconsistent with, the provisions of this Ordinance.

*Repeal and saving.*

93.   This New Version shall come into force on the 9th Tishri, 5729 (1st October, 1963).

*Commencement.*

---

1.   *Sefer Ha-Chukkim* of 5718, p. 118; *LSI* vol. XII, p. 138.

*SCHEDULE*

(Section 92)

The following articles of the Mejelle:

> Articles 1 to 100;
>
> Article 482;
>
> Articles 545 to 548;
>
> Articles 550, 551 and 556;
>
> Article 865;
>
> Articles 881 to 940;
>
> Article 1071;
>
> Article 1087;
>
> Articles 1192 to 1223;
>
> Articles 1661, 1673 and 1675.

AMENDMENT NO. 1 (SECTION 35)

**Set-off.** 32.  Debts which the parties owe each other in consequence of the same sale transaction may be set off.

CHAPTER FOUR : MISCELLANEOUS

**Transfer of ownership.** 33.  The ownership of the thing sold passes to the buyer upon delivery thereof unless the parties have agreed upon some other time or manner for the transfer of ownership.

**Market overt.** 34.  Where any movable property is sold by a person who carries on the sale of property of the kind of the thing sold, and the sale is made in the ordinary course of his business, ownership passes to the buyer free of every charge, attachment or other right in the thing sold even if the seller is not the owner thereof or is not entitled to transfer it as aforesaid, provided that the buyer buys and takes possession of it in good faith.

**Amendment of Civil Wrongs Ordinance (New Version).** 35.  In section 53 of the Civil Wrongs Ordinance (New Version) [1], the passage from the words "in good faith in any open market" to the end of the section shall be replaced by the words "in good faith in accordance with section 34 of the Sale Law, 5728-1968".

**Repeal.** 36.  The First Book of the Mejelle is hereby repealed.

**Commencement and transitional provision.** 37.  This Law shall come into force on the 9th Tishri, 5729 (1st October, 1968). The previous law shall continue to apply to a sale made before the coming into force of this Law.

|  |  |
|---|---|
| LEVI ESHKOL | YAAKOV S. SHAPIRO |
| *Prime Minister* | *Minister of Justice* |

SHNEUR ZALMAN SHAZAR
*President of the State*

[1]  *Dinei Medinat Yisrael (Nusach Chadash)* No. 10, p. 226.

AHENDHENT NO 2 (SECTION 3)

(No. 51)

## LITIGATION BETWEEN SPOUSES (REGULATION) LAW, 5729-1969*

1. (a) Where a person has filed a complaint or civil action against his spouse, whether the ground therefor arose before or during their marriage, the Court may, by reasoned decision, stay the commencement or continuance of the hearing of the complaint or action if it sees fit to do so in view of one of the following:

      (1) another competent (civil or religious) court is currently endeavouring, upon a suit or application filed prior to the said complaint or civil action, to restore domestic peace between the spouses;

      (2) the Court is of the opinion that the interest of the complainant or plaintiff in the holding or continuance of the trial is outweighed by the damage likely to be caused to domestic peace by the holding or continuance thereof at the time.

(b) A stay under subsection (a) shall be for a period, not exceeding three months, prescribed by the Court in its decision. The Court may, by reasoned decision, extend the stay from time to time for an additional period prescribed by it, and it may rescind the stay at any time if it thinks fit to do so.

(c) Where the Court has stayed a hearing under subsection (a) (2), it may instruct a welfare officer, within the meaning of the Welfare Services Law, 5718-1958[1], or any other person consenting, to effect a compromise between the spouses in the matter which is the subject of the complaint or action.

2. This Law shall not derogate from the provisions of the Rabbinical Courts Jurisdiction (Marriage and Divorce) Law, 5713-1953[2], or from any power of a civil court under any law.

3. In section 18 of the Civil Wronge Ordinance (New Version)[2], subsection (a) shall be repealed and the mark "(b)" shall be deleted.

*Restrictions on litigation.*

*Saving of laws.*

*Amendment of Civil Wrongs Ordinance.*

                GOLDA MEIR       YAAKOV S. SHAPIRO
              *Prime Minister*     *Minister of Justice*

SHNEUR ZALMAN SHAZAR
*President of the State*

\*   Passed by the Knesset on the 8th Tammuz, 5729 (24th June, 1969) and published in *Sefer Ha-Chukkim* No. 561 of the 17th Tammuz, 5729 (3rd July, 1969), p. 149; the Bill and an Explanatory Note were published in *Hatza'ot Chok* No. 626 of 5725, p. 22.

1) *Sefer Ha-Chukkim* of 5718, p. 103; *LSI* vol. XII, p. 112.
2) *Sefer Ha-Chukkim* of 5713, p. 165; *LSI* vol. VII, p. 139.
3) *Dinei Medinat Yisrael (Nusach Chadash)* No. 10, p. 266.

AMENDMENT NO.3 (SECTION 165)

| | |
|---|---|
| Saving of laws. | 162.   Notwithstanding the provisions of sections 152 and 158 to 161, the provisions of this Law shall not void or vary —|

(1)   any special law which immediately before the coming into force of this Law existed in respect of immovable property of the *mawqufa* category and in respect of endowments;

(2)   any law which immediately before the coming into force of this Law existed in respect of prescription in the case of unsettled property.

| | |
|---|---|
| Applicability. | 163.   The provisions of this Law shall apply where no other Law contains special provisions in respect of the matter in question. |

| | |
|---|---|
| Amendment of Interpretation Ordianace. | 164.   In the Interpretation Ordinance[1]), the definition of "immovable property" shall be replaced by the following definition : |

"immovable property" means land, everything built or planted on land and everything else permanently fixed to land, except severable fixtures : Provided that where the expression "immovable property" occurs in any enactment made before the coming into force of the Land Law, 5729—1969, it shall have the meaning which it would have if the said Law had not been enacted ;".

| | |
|---|---|
| Amendment of Civil Wrongs Ordinance (New Version). | 165.   In the Civil Wrongs Ordinance (New Version)[2]), the following section shall be inserted after section 48 : |

| | |
|---|---|
| "Prevention of support. | 48 A.   Where any property provides support to neighbouring property, the doing of anything which prevents or denies such support shall be a civil wrong. |

| | |
|---|---|
| Use required in the public interest. | 48 B.   Any such use of immovable property as is required in the public interest shall not constitute a nuisance within the meaning of this article even if it causes damage to neighbouring property or deprives the owner of neighbouring property of the full enjoyment thereof, provided that the damage remains within tolerable proportions and that the user takes reasonable steps to reduce it as far as possible. However, the Court may award compensation — either in the form of a one-time payment or of recurrent payments — if the owner of the property has suffered pecuniary damage.". |

| | |
|---|---|
| Transitional provisions. | 166.   (a)   A transaction in respect of immovable property, and an undertaking to effect such a transaction, entered into before the coming into force of this Law, and a right in immovable property held immediately before the coming into force of this Law and not recognised by this Law, shall continue to be governed by the earlier law. |

1)   *Dinei Medinat Yisrael (Nusach Chadash)* No. 1, p. 2; *NV* vol. I, p. 5.
2)   *Dinei Medinat Yisrael (Nusach Chadash)* No. 10, p. 266.

AMENDMENT NO. 4

(No. 42)

## CIVIL WRONGS ORDINANCE (AMENDMENT NO. 4) LAW, 5730—1970 *

1.   In the Civil Wrongs Ordinance (New Version)[1]), section 37 shall be replaced by the following sections :

Replacement of section 37 and addition of section 37A.

"Duty of owner of immovable property towards trespasser.

37.   The duty under sections 35 and 36 of the owner or occupier of any immovable property in respect of the condition, maintenance or repair thereof shall not obtain towards a person who entered the property as a trespasser unless the plaintiff proves that he entered in good faith and without intent to commit an offence or a civil wrong.

Duty towards trespasser in military area.

37A.   (a)   The duty under sections 35 and 36 in respect of the condition, maintenance, repair or use of a military area shall not obtain towards a person who entered it as a trespasser unless the plaintiff proves that he entered in good faith and without intent to commit an offence or a civil wrong and that the person in charge of that area or the person acting on his behalf at the place of entry knew of his presence in the area at the time the damage was caused.

(b)   In this section, "military area" means —
(1)   immovable property occupied by the Defence Army of Israel or by some other branch of the Defence Establishment approved by the Minister of Defence for this purpose ;

(2)   immovable property used for a security purpose and at the entrance to which a guard has been posted or entry to which is restricted by a notice displayed outside it ;

* Passed by the Knesset on the 17th Tammuz, 5730 (July 21st, 1970) and published in *Sefer Ha-Chukkim* No. 600 of the 26th Tammuz, 5730 (30th July, 1970), p. 124 ; the Bill and an Explanatory Note were published in *Hatza'ot Chok* No. 855 of 5729, p. 385.

[1])   *Dinei Medinat Yisrael (Nusach Chadash)* No. 10, p. 266 ; *Sefer Ha-Chukkim* of 5728, p. 101 — LSI vol. XXII, p. 112 ; *Sefer Ha-Chukkim* of 5729, pp. 152 and 280 — LSI vol. XXIII, pp. 165 and 312.

(3) immovable property on which installations are situated intended to prevent entry into or exit from Israel; for this purpose, a certificate from a person empowered in that behalf by the Minister of Defence that the installation is intended to prevent entry into or exit from Israel shall be conclusive evidence of such fact.

(c) This section shall only apply during a period in which a state of emergency exists in the State by virtue of a declaration under section 9 (a) of the Law and Administration Ordinance, 5708—1949.".

GOLDA MEIR
*Prime Minister*

YAAKOV S. SHAPIRO
*Minister of Justice*

SHNEUR ZALMAN SHAZAR
*President of the State*

(No. 43)

## CAPACITY AND GUARDIANSHIP (AMENDMENT NO. 2) LAW, 5730—1970 *

Amendment of section 47.

1.   In section 47 of the Capacity and Guardianship Law, 5722—1962 [1]) (hereinafter referred to as "the principal Law"), the words "on behalf of the minor", in the opening passage shall be replaced by the words "on behalf of the ward".

Amendment of section 68.

2.   In section 68 of the principal Law, the words "a ward or a person in need of guardianship" shall be replaced by the words "or a ward" and the words "the ward or the person in need of guardianship" shall be replaced by the word "or the ward".

Amendment of section 69.

3.   In section 69 of the principal Law, the words "a ward or a person in need of guardianship" shall be replaced by the words "or a ward".

*    Passed by the Knesset on the 17th Tammuz, 5730 (21st July, 1970) and published in *Sefer Ha-Chukkim* No. 600 of the 26th Tammuz, 5730 (30th July, 1970), p. 125; the Bill and an Explanatory Note were published in *Hatza'ot Chok*, No. 817 of 5730, p. 78.

[1])   *Sefer Ha-Chukkim* of 5722, p. 120 — *LSI* vol. XVI, p. 106; *Sefer Ha-Chukkim* of 5725, p. 114; *LSI* vol. XIX, p. 113.

AMENDMENT No. 5

(No. 46)

## CIVIL WRONGS ORDINANCE (AMENDMENT No. 5) LAW, 5734 — 1974 *

1. In the Civil Wrongs Ordinance (New Version) [1]), the following section shall be inserted after section 34:

<div style="float:right">Addition of section 34A.</div>

"Injury to the image of a person.

34A. (a) Injury to the image of a person is the use without his consent of his name, appellation, picture or voice for purposes of commerce or commercial advertising.

(b) Where injury is caused to the image of a person after his death without the consent of his spouse, children, grandchildren, parents, brothers or sisters, the remedies provided by this Ordinance shall be available to each of them who has not given his consent.".

YITZCHAK RABIN
*Prime Minister*

HAIM J. ZADOK
*Minister of Justice*

EFRAYIM KATZIR
*President of the State*

* Passed by the Knesset on the 12th Tammuz, 5734 (2nd July, 1974) and published in *Sefer Ha-Chukkim* No. 737 of the 20th Tammuz, 5734 (10th July, 1974), p. 94; the Bill and an Explanatory Note were published in *Hatza'ot Chok* No. 1085 of 5733, p. 452.

[1]) *Dinei Medinat Yisrael (Nusach Chadash)* No. 10, p. 266 — *NV* vol. II, p. 5; *Sefer Ha-Chukkim* of 5728, p. 101 — *LSI* vol. XXII, p. 112; *Sefer Ha-Chukkim* of 5729, pp. 152 and 280 — *LSI* vol. XXIII, pp. 165 and 312; *Sefer Ha-Chukkim* of 5730, p. 124 — *LSI* vol. XXII, p. 127.

AMENDMENT NO. 6 ( SECTION 33)

(c)  In this section, "editor" of a newspaper includes an acting editor within the scope of the powers or functions of the body transmitting receiving the information.

**Responsibility of printer and distributor.**

31.  Where an infringement of privacy is published in print, except in a newspaper published under a valid licence at intervals of not less than forty days, criminal and civil responsibility for the infringement shall be borne also by the possessor of the printing press, within the meaning of the Press Ordinance, in which the infringement was printed and by a person who sells or otherwise distributes the publication; provided that they shall not bear responsibility unless they knew or ought to have known that the publication contained an infringement of privacy.

**Material inadmissible as evidence.**

32.  Material obtained by the commission of an infringement of privacy shall not be used as evidence in court without the consent of the injured party, unless the court, for reasons which shall be recorded, permits it to be so used or if the infringer, being a party to the proceeding, has a defence or enjoys exemption under this Law.

**Amendment of Civil Wrongs Ordinance.**

33.  Section 34A of the Civil Wrongs Ordinance (New Version) is hereby repealed.

**Amendment of Criminal Procedure Law.**

34.  In the Schedule to the Criminal Procedure Law, 5725—1965[1], the following paragraph shall be added after paragraph (12):

"(13) offences under the Protection of Privacy Law, 5741—1981.".

**Saving of laws.**

35.  The provisions of this Law shall not derogate from the provisions of any other law.

**Implementation and regulations.**

36.  The Minister of Justice is charged with the implementation of this Law and may, with the approval of the Constitution, Legislation and Juridical Committee of the Knesset, make regulations as to any matter relating to its implementation, and *inter alia* —

(1)  conditions of keeping and safeguarding information at data bases;

(2)  conditions of transmitting or keeping information emanating from data bases outside the boundaries of the State;

---

[1]  *Sefer Ha-Chukkim* of 5725, p. 161; *LSI* vol. XIX, p. 158.