# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHERYL WULTZ, et al.

       Plaintiffs,

    v.                                              Civ. No. 08-01460 (RCL)

THE ISLAMIC REPUBLIC OF IRAN, et al.

       Defendants.

## PLAINTIFFS' MOTION FOR LEAVE TO FILE BRIEF SURREPLY

For the reasons set forth in the attached Memorandum in support, plaintiffs hereby move for an ORDER

    (1)    Permitting plaintiffs to file the brief Surreply attached hereto as Appendix 1; and

    (2)    Granting any other relief the Court finds just, appropriate or necessary.

                                        Plaintiffs, by their Attorney,

                                        /S/ Robert J. Tolchin
                                        Robert J. Tolchin
                                        D.C. Bar No. NY0088
                                        JAROSLAWICZ & JAROS, LLC
                                        225 Broadway, 24th floor
                                        New York, New York 10007
                                        (212) 227-2780

## **CERTIFICATION**

I hereby certify that on September 29, 2009, I served the instant motion by ECF on the counsel listed below.

**Walter P. Loughlin**
**David Taylor Case**
**Sarah P. Kenney**
**Siubhan J.E. Magee**
K & L GATES LLP
1601 K Street, NW
Washington, DC 20006-1600

**Mitchell R. Berger**
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC 20037

          /S/ Robert J. Tolchin
          Robert J. Tolchin

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHERYL WULTZ, et al.

      Plaintiffs,

      v.                              Civ. No. 08-01460 (RCL)

THE ISLAMIC REPUBLIC OF IRAN, et al.

      Defendants.

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE BRIEF SURREPLY

In its Reply in further support of its motion to dismiss (dkt. # 42) defendant Bank of China ("BOC") asserts **for the first time** that this Court lacks personal jurisdiction over BOC because this federal district is not a proper venue for this action under the venue provisions contained in the first sentence of 18 U.S.C. § 2334(a). *See* dkt. # 42 at 4-9.

Plaintiffs respectfully believe that the Court should ignore this argument, both because BOC has waived any claim of improper venue by failing to assert it in its opening motion papers (*see* dkt. # 15 *passim*) and because "the D.C. Circuit has consistently held [that] the Court should not address arguments raised for the first time in a party's reply." *Jones v. Mukasey*, 565 F.Supp.2d 68, 81 (D.D.C. 2008) (citations omitted).

Nevertheless, out of an extreme abundance of caution, in the event that the Court finds itself constrained for some reason to address this new argument, the plaintiffs have succinctly presented their response thereto in the appended Surreply. This court "routinely grants" motions to file a surreply when an argument is raised for the first time in a reply. *Ben-Kotel v. Howard University*, 319 F.3d 532, 536 (D.C. Cir. 2003).

1

Moreover, a surreply should be permitted "when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." *Ben-Kotel*, 319 F.3d at 536 (quotations omitted).

BOC's Reply contains two such new matters:

*First*, BOC has attempted to remedy its failure to supply an affidavit from an expert in Israeli criminal law with its opening motion papers, by submitting with its Reply the declaration of Israeli criminal defense attorney Kenneth Mann. Though Mr. Mann's declaration contains several new arguments virtually none of them merit a response, and plaintiffs' appended Surreply responds to Mr. Mann's declaration in just eight sentences.

*Second*, BOC's Reply mocks as "curious" the fact that plaintiffs did not submit a translation of the decision of the Israeli Supreme Court in C.A. 1432/03 *Yinon Food Products v. Kara'an*, which (as plaintiffs' experts explained) abolished the Israeli tort doctrine of "double actionability" – i.e. BOC clearly implies that plaintiffs have intentionally refrained from submitting a translation of *Yinon* in order to mislead the Court about the substance of that decision. Dkt. # 42 at 23 n. 23.

In order to put this claim to rest, plaintiffs' Surreply conveys a translation of *Yinon*, which will enable this Court to see for itself that the "double actionability" requirement was indeed abolished by the Israeli Supreme Court and that BOC's assertion to the contrary is false.[1]

**WHEREFORE** plaintiffs should be permitted to file the brief Surreply appended hereto.

---

[1] Obtaining a quality translation of *Yinon* cost the plaintiffs thousands of dollars and took two months, which is the sole reason that this motion was not filed sooner.

3

        Plaintiffs, by their Attorney,

        /S/ Robert J. Tolchin
        Robert J. Tolchin
        D.C. Bar No. NY0088
        JAROSLAWICZ & JAROS, LLC
        225 Broadway, 24th floor
        New York, New York 10007
        (212) 227-2780

## CERTIFICATION

I hereby certify that on September 29, 2009, I served the instant memoramdum by ECF on the counsel listed below.

**Walter P. Loughlin**
**David Taylor Case**
**Sarah P. Kenney**
**Siubhan J.E. Magee**
K & L GATES LLP
1601 K Street, NW
Washington, DC 20006-1600

**Mitchell R. Berger**
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC 20037

/S/ Robert J. Tolchin
Robert J. Tolchin

4