# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHERYL WULTZ, et al.

       Plaintiffs,

       v.                                         Civ. No. 08-01460 (RCL)

THE ISLAMIC REPUBLIC OF IRAN, et al.

       Defendants.

## PLAINTIFFS' SURREPLY

**I.**    **BOC's New Jurisdictional Argument Is Meritless**

BOC argues in its Reply that this Court lacks personal jurisdiction over it because venue is improper in this federal district under the venue provisions contained in the first sentence of 18 U.S.C. § 2334(a), which BOC asserts are analogous to those contained in the Clayton Act and in RICO. Dkt. # 42 at 4-9. This argument should be rejected for two reasons:

*First*, BOC has waived any claim of improper venue by failing to assert it in its opening motion papers. *See* dkt. # 15 *passim*. Since BOC's entire § 2334(a) argument is predicated on its claim of improper venue under the first sentence of § 2334(a), and since any such venue challenge has been waived, BOC's § 2334(a) argument must fail.[1]

*Second*, and substantively, BOC's attempts to analogize the provisions of § 2334(a) to the venue and jurisdictional provisions of the Clayton Act (15 U.S.C. § 22) and RICO (18 U.S.C. § 1965(a)) are absolutely meritless.

---

[1] Had BOC timely challenged venue, plaintiffs would have asserted that venue is proper under the rules of pendent venue. But since BOC waived venue, this point is moot. BOC also charges, with the vitriol which has typified its pleadings to date, that "Plaintiffs have never explained why – other than apparent forum-shopping – they included claims against the Iranian and Syrian governments only in this action" and not in their action in New York. Dkt. # 42 at 8 n. 7. As BOC knows perfectly well, the plaintiffs in New York are not U.S. citizens, and therefore cannot bring an action against Iran and Syria.

1

Both § 22 of the Clayton Act and § 1965(a) of RICO limit venue to districts **in which the defendant is present or does business**. *See* 15 U.S.C. § 22; 18 U.S.C. § 1965(a).

Thus, as this Court explained in *World Wide Minerals Ltd. v. Republic of Kazakhstahn*, 116 F.Supp.2d 98 (D.D.C. 2000) (Lamberth, J.), because the venue provisions of the Clayton Act and RICO require that civil actions under those statutes be brought in a venue in which the *defendant* is situated, personal jurisdiction in such actions exists only when the defendant (or in the case of RICO at least one of the defendants) has minimum contacts with the forum. *See id*. at 107-108 (Clayton Act "venue analysis requires that this court perform the local contacts test under the applicable long-arm statute" and RICO "provide[s] for nationwide jurisdiction only when one of the defendants has minimum contacts with the forum.").

By contrast, the venue provision of § 2334(a) does *not* require that a civil action under § 2333 be brought in a federal district in which the defendant is located, and permits such actions to be brought in any district where any plaintiff resides – *irrespective* of the location of the defendant. *See* § 2334(a) ("Any civil action under section 2333 of this title against any person may be instituted in the district court of the United States for any district **where any plaintiff resides** or where any defendant resides or is served, or has an agent") (emphasis added).

In other words, unlike the venue provisions of the Clayton Act and RICO, the venue provisions of § 2334(a) are utterly unconcerned with whether the defendant has contacts with the forum in which the action is brought.

Thus, the venue provisions contained in the first sentence of § 2334(a) cannot be analogized to the venue provisions of the Clayton Act and RICO, and are unrelated to the nationwide service of process provisions contained in the second sentence of § 2334(a).

Accordingly, since there is no substantive connection between the venue and service provisions of § 2334(a) and the latter are not conditioned on the former, it is clear that the phrase "*such a civil action*" in the second sentence of § 2334(a) necessarily refers back to the phrase "*Any civil action under section 2333*" appearing in the first sentence of § 2334(a).

Therefore BOC's new argument should be rejected.[2]

## II.   The Mann Declaration

The Declaration of Kenneth Mann submitted by BOC with its Reply primarily addresses Israel's extraterritorial jurisdiction over BOC's conduct under § 13(a)-(b) of the Penal Law.

The Mann Declaration dismisses § 13(a) out of hand as irrelevant here on the grounds that violation of criminal statutes intended to protect the State, rather than members of the public, cannot give rise to a cause of action under § 63 of the CWO. This argument fails because all the criminal statutes violated by BOC are intended to protect **both** the State of Israel **and** members of the public, as shown by Professor Gross in his declaration on the basis of extensive case law.

The Mann Declaration also claims that § 13(b) is inapplicable because it applies only to actions intended to injure Israelis as such. But this is exactly what the FAC alleges at ¶ 112. Notably, § 13(b) applies to offenses against "the life, person, health, freedom or property" of an Israeli, as such.[3] The allegations of FAC ¶ 112 easily meet this definition.

---

[2]   BOC asks the Court to dismiss the action for lack of personal jurisdiction "which will permit Plaintiffs to refile in a district, like the S.D.N.Y., where BOC is subject to the court's personal jurisdiction." Dkt. # 42 at 9. BOC seeks dismissal, rather than transfer, in order to have plaintiffs' claims dismissed on limitations grounds if they are refiled in New York. Therefore, in the event that the Court finds that it does not have personal jurisdiction over BOC it should transfer the case against BOC to the S.D.N.Y., not dismiss it, for the reasons set forth in plaintiffs' opposition. Dkt. # 31 at 31-35.

[3]   *See* Gross Decl. at ¶ 75.

The Mann Declaration therefore proves nothing (except, perhaps, why BOC is so anxious to avoid producing its declarants for depositions).

**III.    The Decision in *Yinon* Abolished the "Double Actionability" Requirement**

BOC's Reply implies that the plaintiffs refrained from submitting a translation of the Israeli Supreme Court decision in C.A. 1432/03 *Yinon Food Products v. Kara'an* (which, as plaintiffs' experts explained, abolished the Israeli tort doctrine of "double actionability"), in order to hide from the Court the substance of that decision. Dkt. # 42 at 23 n. 23.

A translation of *Yinon* is attached to the Declaration of Jeremy Stern. Exhibit A.

As the Court can see for itself, the unanimous decision in *Yinon* abolished the double actionability doctrine in Israel. *Id*. at ¶¶ 25-26. And *Yinon* remains good law. Exhibit A at ¶ 3.

The claim by BOC and Mr. Naschitz that the double actionability doctrine is still viable in Israel is therefore blatantly false.[4]

**WHEREFORE** BOC's motion should be denied.

Plaintiffs, by their Attorney,

/S/ Robert J. Tolchin
Robert J. Tolchin
D.C. Bar No. NY0088
JAROSLAWICZ & JAROS, LLC
225 Broadway, 24th floor
New York, New York 10007
(212) 227-2780

---

[4] On pages 22-23 of its Reply, BOC confuses and conflates the tort doctrine of "double actionability" with the double criminality requirement for exercise of extraterritorial **criminal** jurisdiction under § 14 of Israel's Penal Law. Since the FAC and Prof. Gross rely solely on § 13 of the Penal Law, not § 14, it appears that BOC's reference to double criminality under § 14 is meant purely to sow confusion.