# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHERYL WULTZ, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 08-cv-1460 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM

Plaintiffs have moved for leave to depose the Bank of China's (BOC) Israeli-law experts prior to the Court's adjudication of BOC's motion to dismiss plaintiffs' claims based on Israeli law. Pls.' Mot. to Permit the Parties to Depose the Opposing Parties' Israeli Law Declarants & for Related Relief, Aug. 18, 2009, ECF No. 43 [hereinafter Pls.' Mot]. Because plaintiffs wish to conduct depositions before they have conducted their discovery conference with BOC, leave of court is required. Courts should grant such leave only for good cause. Plaintiffs have not shown good cause. Plaintiffs' motion will therefore be denied.

The Federal Rules of Civil Procedure provide that a "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). The availability of this source of discovery, however, is curtailed "before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Before the Rule 26(f) conference, a party may engage in discovery only "in a proceeding exempted from initial disclosure . . . or when authorized by these rules, by stipulation, or by court order." *Id.* A motion to dismiss is not a proceeding exempted from initial disclosure, *see* Fed. R. Civ. P.

26(a)(1)(B), the rules do not authorize the early deposition of experts, *see* Fed. R. Civ. P. 26(b)(4)(A), and the parties have not stipulated to the deposition plaintiffs seek, hence this dispute.

Accordingly, and as plaintiffs recognize, leave of court is required for plaintiffs to conduct the deposition sought. Reply in Further Supp. of Pls.' Mot. 3, Sept. 10, 2009, ECF No. 49 [hereinafter Pls.' Reply] (quoting Fed. R. Civ. P. 26(d)(1)). In other words, and as BOC properly points out, plaintiffs do not have a "'clear right' to depose BOC's experts now." Mem. of P. & A. in Opp'n to Pls.' Mot. 3, Aug. 31, 2009, ECF No. 45 [hereinafter BOC's Opp'n] (quoting Pls.' Mot. 5). Rather, plaintiffs must show good cause for such depositions.

Courts have found good cause to permit depositions of experts on foreign law where the courts considered such depositions necessary or helpful to their adjudication of pretrial motions concerning the application of foreign law. *See, e.g.*, *Base Metal Trading S.A. v. Russian Aluminum*, No. 00-cv-9627, 2002 WL 987257, at *4 (S.D.N.Y May 14, 2002); *In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Prods. Liab.*, 131 F. Supp. 2d 1027, 1031 (S.D. Ind. 2001). Plaintiffs argue that they should be permitted to depose BOC's experts because the two sides' experts "are at *total loggerheads* about the substance of Israeli law." Pls.' Reply 4. "[I]t is difficult to see how this Court can rule on the viability of plaintiffs' Israeli[-]law claims" without depositions and additional briefing to assist the Court in deciding which side to believe, say plaintiffs. *Id.* The Court is less concerned.

When "determining foreign law, the court may consider any relevant material or source, . . . whether or not submitted by a party." Fed. R. Civ. P. 44.1. The 1966 committee note explains that Rule 44.1 allows a court to "engage in its own research and consider any relevant material thus found." As the Seventh Circuit recently noted in a decision involving the

interpretation of foreign law "trying to establish foreign law through experts' declarations not only is expensive (experts must be located and paid) but also adds an adversary's spin, which the court then must discount." *Bodum USA, Inc. v. La Cafetire, Inc.*, No. 09-1892, 2010 WL 3432220, at *4 (7th Cir. Sept. 2, 2010). Even where the foreign legal sources are in languages other than English, dependence on expert declarations on those sources is "excusable only when the foreign law is the law of a country with such an obscure or poorly developed legal system that there are no secondary materials to which the judge could turn." *Id.* at *9 (Posner, J., concurring). The note to Rule 44.1 thus recognizes that "[t]he court may have at its disposal better foreign law materials than counsel have presented, or may wish to reexamine and amplify material that has been presented by counsel in partisan fashion or in insufficient detail."

Most Israeli laws have been published in English—and most of those have been officially published in *Laws of the State of Israel* and *Laws of the State of Israel (New Version)*—and there is abundant English-language commentary on Israeli law in books, law reviews, and treatises. *See* Ruth Levush, *Israeli Law Guide* (Nov. 24, 2007), http://www.llrx.com/features/israel3.htm (identifying Engligh-language sources). In addition to caselaw, statutory materials, and expert declarations submitted by the parties, the Court will thus consider several third-party sources. The Court is confident that, through consideration of both the parties' briefs and additional third-party sources, it can rule on whether plaintiffs have stated Israeli-law claims upon which relief can be granted. Plaintiffs' motion will therefore be denied in a separate order to issue this date.

Signed by Royce C. Lamberth, Chief Judge, on October 20, 2010.