UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHERYL WULTZ, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 08-cv-1460 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

**I.     Introduction.**

On April 17, 2006, a Palestinian suicide bomber allegedly attacked a restaurant in Tel Aviv, State of Israel ("Israel") ("Tel Aviv bombing"). 1st Am. Compl. ¶ 1, Jan. 13, 2009, ECF No. 12 [hereinafter FAC]. Daniel Wultz allegedly suffered severe physical injuries, resulting in his death, further resulting in economic injuries to his estate. *Id.* ¶¶ 87, 100. Daniel's father also allegedly suffered physical injuries in the attack. *Id.* ¶¶ 88, 101. Finally, several of Daniel's family members allegedly also suffered emotional and financial injuries. *Id.* ¶¶ 101–02.

In the wake of the bombing, Mr. Wultz's estate and family members ("plaintiffs") have brought suit against several defendants, including the Syrian Arab Republic ("Syria"), the Syrian Ministry of Defense, Syrian Military Intelligence, and the Syrian Air Force Intelligence Directorate (collectively, "Syrian defendants"). *See* FAC. Specifically, plaintiffs allege that the Syrian defendants are liable under the terrorism exception to the Foreign Sovereign Immunities Act for their provision of material support and resources to the PIJ. FAC ¶ 96 (citing 28 U.S.C. § 1605A).

The Syrian defendants have moved the Court to dismiss all claims against them. Mot. of Syria Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to Dismiss the 1st Am. Comp. for Lack of Subject Matter Jurisdiction and Legal Insufficiency, Nov. 16, 2009, ECF No. 60.[1] The Syrian defendants make four arguments: (1) that the terrorism exception to the Foreign Sovereign Immunities Act (FSIA) violates the principle of sovereign equality of nations enumerated in Article 2.1 of the United Nations Charter, (2) that this case presents nonjusticiable political questions, (3) that the FSIA terrorism exception unconstitutionally violates separation-of-powers principles, and (4) that plaintiffs have not adequately pled causation.

The Court will address each of these arguments in turn. The first three arguments are utterly meritless, as the salient issues have already been dispensed with by the Court of Appeals for the District of Columbia Circuit. They will be summarily rejected. Concerning the only remaining argument, the Court concludes that plaintiffs have adequately pled a causal chain.

## II. Discussion.

Despite the Syrian defendants' arguments to the contrary, which have been repeatedly rejected by the courts of this Circuit, the FSIA terrorism exception does not violate the principle of sovereign equality, does not raise political questions, and does not violate the separation of powers. Concerning causation, plaintiffs have adequately alleged that the Syrian defendants' provision of material support and resources to the PIJ caused plaintiffs' injuries.

---

[1] Although this motion was originally made only by Syria, all Syrian defendants have stipulated that the motion "is made by and on behalf of defendants the Syrian Ministry of Defense, Syrian Military Intelligence[,] and Syrian Air Force Intelligence Directorate, as well as the Syrian Arab Republic." Stipulation, Dec. 1, 2009, ECF No. 61.

### A. The FSIA Terrorism Exception Does Not Violate the United Nations Charter.

The FSIA terrorism exception provides that a foreign state shall not be afforded immunity from civil suit where, *inter alia*, the foreign state allegedly provided material support or resources for the commission of an act of extrajudicial killing that caused personal injury or death for which money damages are sought. 28 U.S.C. § 1605A(a)(1). Relatedly, the FSIA also provides that a court "shall hear a claim" under § 1605A if, *inter alia*, the foreign state in question was designated as a state sponsor of terrorism when the alleged provision of material support occurred. § 1605A(a)(2)(A)(i)(I). The United Nations Charter declares that the "Organization is based on the principle of the sovereign equality of all its Members." U.N. Charter art. 2, para. 1.

The Syrian defendants argue that the terrorism exception to the general rule of sovereign immunity violates the U.N. Charter by denying Syria its sovereign equality, because the United States only selectively identifies some states as sponsors of terrorism and thus only deprives some states of immunity under the FSIA. Syria's Mem. of P. & A. in Support of Syria's Rule 12(b) Mot. 1–26, Nov. 16, 2009, ECF No. 60-1 [hereinafter Defs.' Mem.]. The Court of Appeals has already heard and dispensed with this argument under 28 U.S.C. § 1605(a)(7), the jurisdictionally similar predecessor to § 1605A: "[E]ven if Article 2.1 does demand strict equality across states, the provisions are not in conflict because § 1605(a)(7) does not treat Syria (and the other terrorism states) unequally. Any country can come within § 1605(a)(7)'s exception so long as the Secretary of State designates it a terrorism sponsor." *Wyatt v. Syrian Arab Republic*, 266 F. App'x 1, 2 (D.C. Cir. 2008).

The Syrian defendants argue that the Circuit was wrong: "[U]ntil all are designated, those designated are denied equal sovereignty." Defs.' Mem. 11; *see also* Defs.' Reply 4–5. This

3

Court emphatically rejects the Syrian defendants' invitation to reconsider the clear—and clearly binding—decision of the court above. Other courts of this District have also dispensed with identical arguments made by Syrian defendants in two other cases, including one decision issued three months before the Syrian defendants filed their motion in this case—a decision conspicuously absent from the Syrian defendants' briefs. *Wyatt v. Syrian Arab Republic*, No. 08-cv-502, 2010 WL 3501826, at *5 n.8 (D.D.C. Sept. 8, 2010); *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 87–88 (D.D.C. 2009). The Syrian defendants' argument, utterly without merit and having been repeatedly ruled against in this Circuit, now flirts with frivolity. *See* Fed. R. Civ. P. 11(b)(2). The Court therefore rejects the Syrian defendants' arguments concerning the U.N. Charter.

### B. This Case Does Not Raise Political Questions.

The Syrian defendants next argue that plaintiffs' claims raise political questions. Defs.' Mem. 27–42. The political question doctrine "excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution" by the executive and legislative branches. *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 (1986). Thus, the doctrine makes nonjusticiable those "political decisions that are by their nature 'committed to the political branches to the exclusion of the judiciary.'" *Schneider v. Kissinger*, 412 F.3d 190, 194 (D.C. Cir. 2005) (quoting *Antolok v. United States*, 873 F.2d 369, 379 (D.C. Cir. 1989)). Two considerations guide a court's testing for nonjusticiable political questions: "the appropriateness under our system of government of attributing finality to the action of the political departments" and "the lack of satisfactory criteria for a judicial determination." *Baker v. Carr*, 369 U.S. 186, 210 (1962) (citing *Coleman v. Miller*, 307 U.S. 433 (1939)).

Based on those considerations, the Supreme Court in *Baker* identified "six independent tests for the existence of a political question":

> [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Vieth v. Jubelirer*, 541 U.S. 267, 277 (2004) (quoting *Baker*, 369 U.S. at 217) (internal quotation marks removed).

The Syrian defendants argue that the deprivation of sovereign immunity under the FSIA terrorism exception "fails all six *Baker* tests." Defs.' Mem. 35–37. Just as with their argument concerning the U.N. charter, this argument has been considered and rejected by the Court of Appeals under § 1605(a)(7); the same logic applies to § 1605A. *Gates*, 646 F. Supp. 2d at 87 (citing *Simon v. Republic of Iraq*, 529 F.3d 1187, 1197 (D.C. Cir. 2008) ("[I]f the political branches decide tort suits against a foreign sovereign are contrary to the foreign policy of the Nation, then they may by law remove them from [the court's] jurisdiction."), *rev'd in part on other grounds sub nom. Republic of Iraq v. Beaty*, 129 S. Ct. 2183 (2009)). And again, the Syrian defendants lost the same argument only three months before filing this motion, *see Gates*, 646 F. Supp. 2d at 87, which they neglect to mention in their briefs. *See also Wyatt*, 2010 WL 3501826, at *5 n.8. The Court therefore rejects the Syrian defendants' arguments concerning political questions.

### C. The FSIA Terrorism Exception Is Not Unconstitutional.

The Syrian defendants third argue that the FSIA terrorism exception unconstitutionally violates separation-of-powers principles because final judgments made under § 1605A may be subject to rescission by Congress or the President. Defs.' Mem. 42–48. As with the Syrian defendants' other arguments, this argument has been previously considered and rejected. *Gates*, 646 F. Supp. 2d at 88 (citing *Owens v. Republic of Sudan*, 531 F.3d 884, 888 (D.C. Cir. 2008)); *Wyatt*, 2010 WL 3501826, at *5. Moreover, the previous examples cited by the Syrian defendants where actions and judgments under the FSIA terrorism exception were extinguished relate to the Republic of Iraq ("Iraq") and the Great Socialist People's Libyan Arab Jamahiriya ("Libya"). Defs.' Mem. 43. As plaintiffs correctly point out, "that result was accomplished through legislation specifically tailored to Iraq and Libya," not the FSIA more generally. Pls.' Opp'n. 15; *see* Libyan Claims Resolution Act, Pub. L. No. 110-301, 122 Stat. 2999 (2008); National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 1083(d), 122 Stat. 3, 343 (2008). "[A] constitutional attack based on a violation of separation of powers is properly launched against the executive or legislative action that effects the reopening of a judgment, and not against the law pursuant to which the final judgment was made." *Wyatt*, 2010 WL 3501826, at *5 (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 230 (1995)). The Syrian defendants' separation-of-powers argument is therefore misplaced when directed at the FSIA. Any such argument must be directed at the executive or legislative acts rescinding a final judgment—such as the Iraq- or Libya-specific legislation—not the FSIA itself. The Court therefore rejects the Syrian defendants' arguments concerning FSIA's constitutionality.

### D. Plaintiffs Have Sufficiently Pled Causation.

Plaintiffs must plead a short and plain statement showing they are entitled to relief. The Syrian defendants argue that plaintiffs have failed to state a claim upon which relief can be granted because they have failed to adequately allege a causal link between Syria and the Tel Aviv bombing allegedly giving rise to plaintiffs' injuries. The Court disagrees; plaintiffs have alleged the requisite causal chain.

#### 1. Plaintiffs Must Plead a Short and Plain Statement Showing They Are Entitled to Relief.

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Rule 8 standard is not satisfied where a pleading offers only "labels and conclusions," "a formulaic recitation of the element of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555, 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (emphasis added). *Twombly*'s facial plausibility standard is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Therefore, based on the factual allegations within the plaintiff's complaint, a court must conclude that it is not merely possible, but also plausible, that the plaintiff is entitled to relief. *Id.* ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). This

determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007)).

When considering whether dismissal of a complaint is appropriate for failure to state a claim upon which relief can be granted, a court must "assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 18 (D.C. Cir. 2008) (internal quotations marks omitted). The Court, however, need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### 2. Plaintiffs Have Adequately Alleged That the Syrian Defendants Caused Plaintiffs' Injury.

"[T]here is no 'but-for' causation requirement" for claims made under the FSIA. *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31 (D.D.C. 2009). In *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, a case which interpreted the substantially similar § 1605(a)(7) that is now § 1605A, this Circuit noted that in the FSIA, "the words 'but for' simply do not appear; only 'caused by' do." 376 F.3d 1123, 1128 (D.C. Cir. 2004). Adopting the Supreme Court's approach to a different but similarly worded jurisdictional statute, the Circuit interpreted the causation element "to require only a showing of 'proximate cause.'" *Id.* (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 536–38, (1995)). "Proximate cause exists so long as there is 'some reasonable connection between the act or omission of the defendant and the damages which the plaintiff has suffered.'" *Brewer*, 664 F.

Supp. 2d 43, 54 (D.D.C. 2009) (construing causation element in § 1605A by reference to cases decided under § 1605(a)(7)) (quoting *Kilburn*, 376 F.3d at 1128). Significantly, proximate causation may be shown by general support not tied to a specific terrorist act: "[A] plaintiff need not establish that the material support or resources provided by a foreign state for a terrorist act contributed directly to the act from which his claim arises . . . ." *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d at 42 (internal quotation marks omitted).

The Syrian defendants argue that plaintiffs make merely conclusory and implausible allegations of causation. Defs.' Mem. 48–54. The Court disagrees; there are several reasonable alleged connections between the resources provided to the Syrian defendants and plaintiffs' injuries. Plaintiffs allege that the Syrian defendants provided the PIJ with, *inter alia*, "financial support"; "military-grade explosives, military firearms[,] and other weapons and matériel"; "specialized and professional military training for the planning and execution of terrorist attacks"; "means of electronic communication and electronic communications equipment"; "financial services, including banking and wire transfer services"; and "lodging, safe haven[,] and shelter." FAC ¶¶ 49–52. The Syrian defendants even allegedly provided the PIJ with a headquarters in Damascus, including land, buildings, and utilities. *Id.* ¶ 53.

These allegations are substantially similar to those made against Syria in *Wyatt*. In that case, the plaintiffs pled that

> Syria provided a variety of forms of material support to the PKK [the Kurdistan Workers' Party], including: (1) weapons, ammunition, and false passports; (2) the establishment and maintenance of PKK headquarters and offices in Syria; (3) safe haven and shelter in Syria to senior PKK commanders; (4) establishment and maintenance of PKK training and military bases near Damascus, in northern Syria, along Syria's border with Turkey, and in the Syrian-controlled Beka'a Valley of Lebanon; (5) military and terrorist training . . . by members of the Syrian armed forces and intelligence agencies; and (6) the establishment of the PKK's logistical infrastructure in Syria.

9

*Wyatt*, 2010 WL 3501826, at *4 (internal quotation marks omitted). Because allegations of "support facilitat[ing a] terrorist group's development of the expertise, networks, military training, munitions, and financial resources necessary to plan and carry out [an] attack" suffice to allege proximate causation, *Gates v. Syrian Arab Republic*, 580 F. Supp. 2d 53, 67 D.D.C. 2008), the court in *Wyatt* concluded that the plaintiffs had adequately alleged proximate cause, 2010 WL 3501826, at *4.

The Court reaches the same conclusion in this case. The alleged provision of resources and services no doubt contributed to PIJ operational and tactical ability to carry out terrorist attacks, including the one alleged here. It is therefore reasonable to conclude that these resources and services proximately caused plaintiffs' injuries. The Court therefore rejects the Syrian defendants' arguments concerning causation.

## III. Conclusion.

For the reasons set forth above, the Syrian defendants' motion to dismiss is denied. A separate order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on October 20, 2010.