# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHERYL WULTZ, et al.

        Plaintiffs,

        v.                             Civ. No. 08-01460 (RCL)

THE ISLAMIC REPUBLIC OF IRAN, et al.

        Defendants.

**PLAINTIFFS' NOTICE OF AUTHORITY
RELEVANT TO THE BANK OF CHINA'S MOTION FOR RECONSIDERATION OR
FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Defendant Bank of China's ("BOC") Motion for Reconsideration or for Certification for Interlocutory Appeal (dkt. # 92) is currently pending before the Court. BOC's motion argues that § 2334(a) of the Antiterrorism Act ("ATA") does not authorize personal jurisdiction based on the defendant's nationwide contacts unless the action is brought in a venue authorized by ATA § 2334(a). In support of this argument BOC asserts that the language of § 2334(a) is substantively analogous to the venue and service provisions of the Clayton Act. Dkt. # 92, *passim*.

In their opposition to BOC's motion the plaintiffs contend that, unlike the Clayton Act, the venue and service provisions of the ATA operate independently. Dkt. # 95 at 1-5. In support of this contention the plaintiffs note, *inter alia*, that "in the Clayton Act, the venue and service provisions are contained in a ***single*** sentence, whereas in 2334(a) the venue and service provisions are in ***separate*** sentences." Dkt. # 95 at 4 n. 2.[1]

---

[1] This is a secondary argument. Plaintiffs' main argument is that since the ATA, unlike the Clayton Act (and other statutes), does not condition proper venue on the defendant's contacts with the federal district, there was no reason whatsoever for Congress to condition nationwide service of process on proper venue, and it would thus make no sense to construe § 2334 in such a manner. Dkt. # 95 1-5.

Plaintiffs respectfully request to call the attention of the Court to the decision in *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (2nd Cir. 2005) (of which plaintiffs were unfortunately previously unaware), which explicitly held that if Congress had intended the venue and service provisions of the Clayton Act to operate independently, it would have codified them in different sentences separated by a period, rather than a single sentence containing two clauses separated by a semi-colon. *Id*. at 425 and at n. 15 (Noting "Congress's purpose in enacting expanded antitrust venue and process provisions in a single sentence" and that a "compound sentence joined by semicolon is a better way to suggest the close relationship between the two statements than separate sentences punctuated by periods") (quoting Strunk & White, *The Elements of Style* 6 (4th ed. 2000)) (internal quotations and brackets omitted).

Thus, *Daniel* constitutes on-point authority in support of plaintiffs' argument that because the venue and service provisions of the ATA are contained in two separate sentences, they are distinguishable from those in the Clayton Act, which are contained in a single sentence.

Plaintiffs, by their Attorney,

/S/ Robert J. Tolchin
Robert J. Tolchin
D.C. Bar No. NY0088
JAROSLAWICZ & JAROS, LLC
225 Broadway, 24th floor
New York, New York 10007
(212) 227-2780

## **CERTIFICATION**

I hereby certify that on December 20, 2010 I served the within by ECF on the counsel listed below.

Walter P. Loughlin
David Taylor Case
Sarah P. Kenney
Siubhan J.E. Magee
K & L GATES LLP
1601 K Street, NW
Washington, DC 20006-1600

Mitchell R. Berger
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC 20037

/S/ Robert J. Tolchin
Robert J. Tolchin