# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHERYL WULTZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-01460 (RCL) |
| | ) | |
| THE ISLAMIC REPUBLIC OF IRAN, | ) | |
| BANK OF CHINA LIMITED, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE OF DEFENDANT BANK OF CHINA LIMITED TO PLAINTIFFS' NOTICE OF AUTHORITY RELEVANT TO THE BANK OF CHINA'S MOTION FOR RECONSIDERATION OR FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Defendant Bank of China Limited ("BOC"), through undersigned counsel, respectfully submits this response to Plaintiffs' Notice of Authority Relevant to the Bank of China's Motion for Reconsideration or for Certification for Interlocutory Appeal (Dkt. #97) ("Notice of Authority").

Plaintiffs' Notice of Authority is an impermissible surreply couched as a "Notice"[1] of a five-year-old authority: a 2005 Second Circuit case, *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (2d Cir. 2005). Moreover, *Daniel* cannot trump this Circuit's decision on the same issue—interpretation of the Clayton Act § 12 personal jurisdiction provision—in *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000). In any event, *Daniel* used the same statutory

---

[1]     *See Hooks v. Ward*, 184 F.3d 1206, 1223 n.25 (10th Cir. 1999) ("[W]e do not accept a new argument by way of notice of supplemental authority notices, and arguments not raised in duly filed briefs are deemed waived."); *Burch v. Qwest Comms. Int'l, Inc.*, 677 F. Supp. 2d 1101, 1129 (D. Minn. 2009) (noting that the defendant "inappropriately relies on a Notice of Supplemental Authority to assert an entirely new legal argument"); *cf. Randolph v. ING Life Ins. and Annuity Co.*, 486 F. Supp. 2d 1, 9 n.5 (D.D.C. 2007) (striking plaintiffs' response to a defendant's notices of supplemental authority where it "consists of attempts to rebut ING's Reply in support of its Motion to Dismiss," and "despite being styled as a Response to ING's Notices of Supplemental Authority, Plaintiffs' Response, with the exception of its first page, amounts in essence to a surreply").

construction principles used by the D.C. Circuit in *GTE*, and thus supports BOC's argument (based on *GTE*) that ATA Section 2334(a) (just like Clayton Act § 12) authorizes nationwide service of process only when the antecedent venue provision of the statute is satisfied.

The court in *Daniel* made it clear that its decision "turn[ed] on construction of the introductory phrase 'in such cases' in the process provision, which defines the scope of its applicability. Plainly, the phrase refers back to the venue provision; the question is whether it refers back in whole or in part." *Daniel*, 428 F.3d at 422. Then, because the text of Clayton Act § 12 was clear and unambiguous, the court relied solely on its plain language, not any punctuation, to conclude that "its service of process provision applies (and, therefore, establishes personal jurisdiction) only in cases in which its venue provision is satisfied." *Id.* at 423. As the Second Circuit explained:

> [W]e conclude from the language and context of "in such cases" in the service of process provision of Section 12, that the phrase plainly refers to those cases qualifying for venue in the immediately preceding clause. The common meaning of the word "such" is "having a quality already or just specified"; "of this or that character, quality, or extent: of the sort or degree previously indicated or implied"; or "previously characterized or described: aforementioned." *Webster's Third New International Dictionary (Unabridged)* 2283 (1986); *see generally Morse v. Republican Party of Va.*, 517 U.S. 186, 254 (1996) ("When words in a statute are not otherwise defined, it is fundamental that they will be interpreted as taking their ordinary, contemporary, common meaning." (quotation marks and citation omitted)). The "quality" of the cases specified in the provision of Section 12 preceding the semicolon is not simply that they are antitrust cases, or even antitrust cases against corporations; it is that they are antitrust cases against corporations brought in the particular venues approved by Section 12: where the defendant is an "inhabitant," where it "may be found," or where it "transacts business." 15 U.S.C. § 22. It is "in such cases," *i.e.,* such venued cases, that Section 12 makes worldwide service of process available.

*Id.* at 423-24. This statutory construction framework would equally compel the conclusion that the nationwide service provision in the second sentence of ATA Section 2334(a) is dependent on proper venue "in such a civil action" as prescribed in the first sentence of ATA Section 2334(a).

Ignoring the statutory construction principles that were central to the holding in *Daniel*, plaintiffs instead focus on a footnote in a section of the *Daniel* opinion that the Second Circuit itself

deemed dictum.  *Id.* at 425 ("Because we conclude that the language of Section 12 is plain, we need not resort to legislative history, as have those of our sister circuits that construe Section 12 to be ambiguous.").  In that footnote, the *Daniel* court first conditioned its statement by noting that "we are disinclined … to afford undue weight to punctuation."  *Id.* at 425 n.15.  Then, the court noted that the particular legislative history of the Clayton Act provides "no clear insights as to Congress's purpose in enacting expanded antitrust venue and process provisions in a single sentence."  *Id.* at 425.[2]  Finally, it cites to a secondary source that also acknowledges: "It is, of course, equally correct to write each of these as two sentences, replacing the semicolons with periods."  WILLIAM STRUNK JR. & E.B. WHITE, THE ELEMENTS OF STYLE 6 (4th ed. 2000).  Thus, nothing in *Daniel* indicates that the mere hypothetical swapping of a semicolon for a period separating the venue and service of process provisions in the Clayton Act would change the nature of the linkage between the two provisions.

In short, the cited *Daniel* footnote and its discussion of punctuation did not factor into the *Daniel* court's interpretation of Clayton Act Section 12; rather, the court's conclusion rested on the plain meaning of the phrase "in such cases."  The similar phrase "in such a civil action" in ATA Section 2334(a) has the same purpose of referring to the antecedent venue provision, and should be read similarly.

Moreover, the venue and service of process provisions in the Securities and Exchange Act of 1934 ("SEA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO") also are in separate sentences but, as with the ATA, these sentences are separated by periods, rather than semicolons.  Yet courts in this Circuit, including this one, have held that the service of process

---

[2]    Indeed, the legislative history, the legislative process, and the relationships of the chambers of Congress may explain the use of a semicolon as opposed to a period in Section 12 of the Clayton Act.  *See Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1410 (9th Cir. 1989) ("The version of section 12 initially introduced in the House contained only a venue provision … It was the Senate, in its consideration of the bill that became the Clayton Act, that added the service of process provision.").

provisions in both RICO and the SEA are dependent on satisfying the preceding venue sentences, which are on the other side of a period. *World Wide Minerals Ltd. v. Republic of Kazakhstan*, 116 F. Supp. 2d 98, 107 (D.D.C. 2000) (Lamberth, J.) ("[A] comparison of the Clayton Act service provisions and the RICO statute provisions does show a substantial similarity."), *aff'd in part and remanded in part on other grounds*, 296 F.3d 1154 (D.C. Cir. 2002); *Reese Bros., Inc. v. U.S. Postal Serv.*, 477 F. Supp. 2d 31, 39 (D.D.C. 2007) ("The expanded service of process provisions of both the Clayton Act and the RICO statute are contingent on concomitant satisfaction of their venue provision."); *Poling v. Farrah*, 131 F. Supp. 2d 191, 193 (D.D.C. 2001) ("The phrase 'any such district' refers to the preceding sentence in the section" in the SEA.); *see also Investors Funding Corp. of N.Y. v. Jones*, 495 F.2d 1000, 1002 (D.C. Cir. 1974) (per curiam) (holding that "by the terms of [the SEA service of process provision] a civil suit may be brought … in that district" specified in the preceding venue sentence).

There is no reason to depart from these holdings of the courts of this Circuit, which apply basic grammar and statutory construction principles, and which compel a similar linked reading of the similar venue and service provisions of ATA Section 2334(a). This Court's decision in *World Wide Minerals* particularly demonstrates this point by holding that the "Clayton Act service provisions and the RICO statute provisions does show a substantial similarity," requiring application of the *GTE* framework and holding to RICO, even though the RICO venue and service provisions are structured far less like Clayton Act § 12 than is ATA Section 2334(a). *See World Wide Minerals*, 116 F. Supp. 2d at 107; BOC's Reply, Dkt. # 96 at 4-13.

Respectfully submitted,


Dated:  December 22, 2010


By: /s/ Walter P. Loughlin                         By: /s/ Mitchell R. Berger
      Walter P. Loughlin                                   Mitchell R. Berger (D.C. Bar No. 385467)
K&L Gates LLP                                       Patton Boggs LLP
599 Lexington Avenue                             2550 M Street, N.W.
New York, New York  10022-6030             Washington, D.C.  20037
Telephone: (212) 536-3900                        Telephone: (202) 457-5601
Facsimile:  (212) 536-3901                         Facsimile:  (202) 457-6315


Co-counsel for Defendant Bank of China Limited

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2010, a copy of the foregoing Response to Plaintiffs'

Notice of Authority Relevant to the Bank of China's Motion for Reconsideration or for Certification

for Interlocutory Appeal was filed through the Court's electronic filing system, providing service on

counsel of record for the parties who have entered an appearance in this action.


By /s/ Mitchell R. Berger
MITCHELL R. BERGER