UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WULTZ, et al.<br><br>      **Plaintiffs,**<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, et al.<br><br>      **Defendants.** | No. 1:08-cv-01460-RCL |

**EMERGENCY MOTION FOR PERMISSION TO OBTAIN
APOSTILLED COPIES OF COURT DOCUMENTS**

Plaintiffs Sheryl Wultz, individually and as personal representatives of the Estate of Daniel Wultz, Yekutiel "Tuly" Wultz, and Amanda Wultz (collectively, the "Wultzes"), by and through their attorneys, ask this Court for an Order directing the Clerk of Court to certify and apostille the documents identified below. In addition, the Wultzes ask the Court to expedite its review and approval of this application to obtain certified and apostilled copies of the document identified below.  The Wultzes believe they have identified assets owned by the Iranian government and/or instrumentalities thereof in one or more foreign countries and cannot begin enforcement proceedings until they file the certified and apostilled copies of the documents with the courts of the foreign country or countries.

In support of this Motion, Plaintiff states as follows:

1.  On May 14, 2012, the Court entered a judgment in favor of the Wultzes and against the Islamic Republic of Iran, the Iranian Ministry of Information and Security (collectively, "Iran"), the Syrian Arab Republic, the Syrian Ministry of Defense, the Syrian Military Intelligence, and the Syrian Air Force Intelligence Directorate (collectively, "Syria").

1

ECF No. 133.  The Court awarded the Wultzes compensatory damages in the amount of $32,068,634 and punitive damages in the amount of $300,000,000.  Id.  The Court amended the judgment on June 4, 2012 to more completely identify the judgment debtors.  ("Wultz Judgment").  ECF No. 137.

2. The Court entered the Wultz Judgment after finding that Iran and Syria were responsible for an April 17, 2006 suicide bombing in Tel Aviv, Israel that killed sixteen-year-old Daniel Wultz and severely injured his father Tuly Wultz, in violation of 28 U.S.C. § 1605A.  Memorandum and Opinion, dated May 14, 2012. ECF No. 134.

3. The Wultzes are in the process of attempting to enforce the Wultz Judgment in various countries.  As part of the procedural requirements for domesticating and enforcing their judgment, some foreign countries require the Wultzes to file certified and apostilled copies of certain documents on this Court's docket.

4. Plaintiffs intend to file certified and apostilled copies of the documents listed below in the courts of one or more foreign countries in order to domesticate the Wultz Judgment and execute on assets belonging to Iran and/or Syria in those countries.

5. Clerks and Deputy Clerks of United States Courts are authorized to apostille documents filed on their Court's docket.  *See* Convention of 5 October 1961 Abolishing the Requirement of Legalization for Foreign Public Documents, Article 6.

6. Accordingly, Plaintiffs ask the Court to direct the Clerk of Court to certify and apostille five copies of each of the following documents:

    a. ECF No. 1 – Complaint, filed August 22, 2008;

    b. ECF No. 12 – First Amended Complaint, filed January 13, 2009;

    c. ECF No. 19 – Certificate of Clerk, filed March 23, 2009;

      d.      ECF No. 25 – Certificate of Clerk, filed May 14, 2009;

      e.      ECF No. 40 – Certificate of Clerk, filed June 30, 2009;

      f.      ECF No. 66 – Entry of Default, filed December 17, 2009;

      g.      ECF No. 67 – Return of Service/Affidavit, filed December 16, 2009;

      h.      ECF No. 133 – Order and Judgment, filed May 14, 2012;

      i.      ECF No. 134 – Memorandum and Opinion, filed May 14, 2012;

      j.      ECF No. 137 – Amended Judgment, filed June 4, 2012;

      k.      ECF No. 155 – Affidavit of Service, filed December 20, 2012; and

      l.      ECF No. 159 –Order, filed January 16, 2013.

7.     The Wultzes believe they have located assets belonging to the government of Iran and/or instrumentalities thereof in one or more foreign countries and therefore ask the Court to expedite the review and approval of this Motion.  The Wultzes cannot begin their effort to enforce the Wultz Judgment until they file certified and apostilled copies of the documents.  Consequently, time is of the essence.

8.     All Defendants defaulted the Wultz Judgment was entered and are therefore not entitled to notice of this motion.  Fed. R. Civ. P. 5(a)(2).

9.      The Wultzes ask the Court to enter an Order authorizing the Clerk of the Court to certify and apostille five copies of each of the documents listed above.

           Respectfully,

/s/ Lee S. Wolosky
Lee S. Wolosky
BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Phone: (212) 446-2300
Email: lwolosky@bsfllp.com

/s/ Douglass A. Mitchell
Douglass A. Mitchell
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Phone: (702) 382-7300
Fax: (702) 382-2755
Email: dmitchell@bsfllp.com