UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHERYL WULTZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:08-cv-1460 (RCL) |
| ) | |
| ISLAMIC REPUBLIC OF IRAN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

I.

On May 14, 2012, the court entered default judgment in favor of the Wultz Plaintiffs and against Islamic Republic of Iran ("Iran"), Iranian Ministry of Information and Security ("MOIS") (collectively, "Iranian Defendants"), Syrian Arab Republic ("Syria"), Syrian Ministry of Defense, Syrian Military Intelligence, and Syrian Air Force Intelligence Directorate (collectively, "Syrian Defendants"), jointly and severally, in the amount of $32,068,634 in compensatory damages and $300,000,000 in punitive damages (ECF Nos. 133 and 134) ("Judgment") and amended its judgment on June 4, 2012 (ECF Nos. 16 & 137) ("Amended Judgment").

The Wultz Plaintiffs have yet to fully satisfy the Judgment and Amended Judgment and now ask the court to extend the life of both for 12 years pursuant to D.C. Code § 15-101. For the reasons that follow, the court grants the Wultz Plaintiffs' Motion to Revive Judgment.

II.

On May 14, 2024, the Court granted the Wultz Plaintiff, Sheryl Wultz, Yekutiel "Tuly" Wultz, Amanda Wultz, and the Estate of Daniel Wultz a judgment on their claims arising out of a

suicide bombing attack in Tel Aviv, Israel. The attack injured Tuly Wultz and killed his son

Daniel Wultz. (ECF Nos. 133 and 134). The Court amended the judgment on June 4, 2012. (ECF

Nos. 136 and 137).

The court concluded that it had subject matter jurisdiction over Plaintiffs' claims pursuant

to the FSIA's terrorism exception in 28 U.S.C. § 1605A (ECF No. 134 at 9-11) and entered a

default judgment in their favor.  (ECF No. 133 and 137).  In total, the court awarded Wultz

Plaintiffs $32,068,634 in compensatory damages and $300,000,000 in punitive damages, for a

total award of $332,068,634. Id.

The Wultz Plaintiffs served the Judgment on the Syrian Defendants on September 12,

2012 and on the Iranian Defendants November 7, 2012. (ECF No. 159 at 1).  Pursuant to FSIA

Section 16010(c), the court authorized the Wultz Plaintiffs to enforce the Judgment against assets

belonging to Iran and/or Syria on January 16, 2013 Id. at 2. Since then, the Wultz Plaintiffs have

been attempting to enforce thee Judgment, but the Judgment has not yet been fully satisfied.

Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution—and

in proceedings supplementary to and in aid of judgment or execution—must accord with the

procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1); *see also Belkin v.*

*Islamic Republic of Iran*, No. 06-cv-0711 (PLF), 2020 WL 4219783, at *2 (D.D.C. July 23, 2020)

("The life of a judgment issued by a federal district court is determined by the law of the state

jurisdiction wherein the federal court is located."). Under D.C. law, "every final judgment or final

decree for the payment of money rendered in" this court is valid "for the period of twelve years

only from the date when an execution might first be issued thereon." D.C. Code § 15-101(a); *see*

*also Blackman v. District of Columbia*, 239 F. Supp. 3d 22, 23 (D.D.C. 2017). A court may issue

"[a]n order of revival . . . during the period of twelve years from the rendition" to "extend[] the

effect and operation of the judgment . . . and all the remedies for its enforcement for the period of twelve years from the date of the order." D.C. Code § 15-103; *see also Blackman*, 239 F. Supp. 3d at 23. The D.C. Court of Appeals has instructed that if a defendant "offer[s] no other defense or cause why the judgment should not be revived, the trial court should grant [a] motion to revive the judgment." *Nat'l Bank of Wash. v. Carr*, 829 A.2d 942, 945 (D.C. 2003).

The Wultz Plaintiffs' Judgment was entered on May 14, 2012 (ECF Nos. 133 and 134) and amended on June 4, 2012.  (ECF Nos. 136 and 137).  Their first opportunity to execute on the Judgment occurred on January 16, 2013, when, pursuant to FSIA Section 1610(c), this court granted their motion for authorization to begin enforcement proceedings. (ECF No. 159).  They filed this motion to revive the judgment on April 25, 2024. Their motion therefore falls within 12 years from the date when an execution might first be issued. Defendants have not responded to Plaintiffs' motion or offered any defense or cause why the judgment should not be revived. *See Blackman*, 239 F. Supp. 3d at 24 (granting motion where "Defendants . . . offered no reason why this Court should deny the motion").

Accordingly, it is hereby

ORDERED that the Wultz Plaintiffs' Motion for Revival is GRANTED; and it is

FURTHER ORDERED that the period of enforceability money judgment awarded in the court's May 14, 2012 Default Judgment shall be extended for an additional period of 12 years from the date of this Order.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

3